Dennis W. CHRISTOPHER, Appellant,

v.

STATE of Indiana, Appellee.

No. 884S315.

Supreme Court of Indiana.

Aug. 19, 1987.

Charles G. Read, Public Defender, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged with the offense of murder in the stabbing death of his wife. On motion he was found presently incompetent to stand trial, committed to a state hospital, and was later determined able to stand trial. He interposed the defense of insanity set out in I.C. 35–41–3–6 claiming that he was not responsible for the killing by reason of mental illness or defect and was tried by a jury which returned the verdict authorized by I.C. 35–36–2–3 that he was guilty but mentally ill at the time of the crime. The sentencing court found aggravating circumstances and enhanced the standard sentence to 'the very maximum authorized for the crime of murder, I.C. § 35–50–2–3, giving a sixty year total.

Appellant raises the following issues in this appeal:

(1) Whether the verdict of guilty but mentally ill was contrary to law and error.

(2) Sufficiency of evidence to show a knowing or intentional killing.

(3) Error in permitting the introduction of five photographs of the victim's body.

(4) Whether the enhanced sentence is manifestly unreasonable.

I

■ Appellant maintains that the verdict of guilty but mentally ill at the time of the crime was contrary to the law and the evidence. It is his contention that the evidence was without conflict and supports only a verdict of not responsible by reason of insanity at the time of the crime. The verdict of guilty but mentally ill is a finding against appellant on the defense of not responsible by reason of insanity, a defense upon which he had the burden of proof by a preponderance of the evidence. Consequently our standard of review on the claim made is that we neither weigh the evidence nor resolve questions of credibility of witnesses, and from this viewpoint we consider whether the evidence is without conflict and leads to but one conclusion, namely one not reached by the trier of fact. *Gentry v. State* (1984), Ind., 471 N.E.2d 263.

Lacking substantial capacity, due to mental disease or defect, to appreciate wrongfulness of conduct or to conform conduct to the law, is the basis of the insanity defense, as defined by the statute applicable to this case. I.C. § 35–41–3–6, since amended. Substantial disturbance of thought, feeling, or behavior, together with an impairment of the ability to function due to psychiatric disorder, does not on the other hand satisfy as a basis for the insani-

ty defense, but would warrant the finding of guilty but mentally ill where guilt was established. I.C. § 35–36–1–1.

The evidence presented included the following. Appellant's wife died in her bed as a direct result of multiple gross wounds to the neck and torso inflicted with a large kitchen knife. The couple's two small children were in the house. When the police arrived, appellant was on the floor and unconscious as a result of the ingestion of an overdose of prescription drugs. Appellant was arrested and confined in the hospital, where over the next several days he admitted stabbing her in anger resulting from his belief that she was trying to commit him to a mental hospital and was seeing another man. At the time, appellant was on a weekend release from Southern Indiana Mental Health Center where he was a voluntary patient. The purpose of the release was to permit him to enroll in college classes and to sign up for his VA benefits.

Appellant had a history of consistent use of illegal drugs including amphetamines and marijuana. He had been experiencing delusions over a period of several years, and had at least twice previously admitted himself for psychiatric care. One medical report stated that he suffered from organic delusional syndrome due to amphetamines. His delusions included persecution by government agents and workplace supervision, and infidelity of his wife.

The medical witnesses testified without exception that appellant was suffering from a mental illness at the time of the crime. Dr. Borador testified as follows:

Q. It is your opinion that he did not have substantial capacity to appreciate the wrongfulness of his conduct.

A. It is markedly impaired and the answer is yes.

This statement, supportive of the insanity defense, did not stand alone but was undermined by inferences rationally flowing from subsequent testimony of the same witness that appellant's illness did not rule his thought and conduct at all times and that shortly after the killing, he examined appellant, and appellant at that time did have the capacity to conform to the requirements of the law and to know right from wrong. He had considerable recall of the events of the evening of the killing, was guilt ridden and remorseful and wanted to die. Other testimony regarding appellant's conduct on the night of the crime and the choices he then made challenges the conclusions in support of the insanity defense of all expert witnesses. Clearly, the jury was not required to conclude that appellant's anger and motivation to take his wife's life was the product of or commanded by a psychotic delusion.

According to the description provided by appellant, the children on that night had been put to bed and then he and his wife grew amorous. They sought to have sexual intercourse, but appellant did not have the physical ability. Later that night, after they had gone to bed, he was unable to sleep. He took all of the drugs which he had with him and a drug called activan which his wife had in the house. He took the overdose to end his life. He then grew angry and decided that she deserved to die if he was and that he would take her with him.

■ We conclude that the evidence of insanity as defined by law is in conflict, and as such it did not lead only to the conclusion that appellant lacked the requisite capacity to appreciate wrongfulness or to conform his conduct to the law at the time he killed his wife. It led as well to the conclusion that the grip of appellant's delusionary illness, by reason of the care and medicines he was receiving at the time, and evidenced by the level of operation of his judgmental faculties at the time, was only so great as to satisfy the basis for the guilty but mentally ill verdict, and was not so great as to satisfy the basis for the not responsible by reason of insanity verdict.

II

■ Appellant contends that the evidence tending to show that he held the intent to kill was wholly insufficient to support the jury verdict. In determining this question we do not weigh the evidence nor resolve questions of credibility but look

to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Taylor v. State* (1973), 260 Ind. 64, 291 N.E.2d 890. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657. The State continues to bear the burden of proving that the killing was knowingly or intentionally carried out where the defense of insanity has been raised, and the burden of proving that defense is cast upon the defendant. An inference of the necessary intent to kill is often supported by evidence of the use of a deadly weapon in a manner likely to cause death. By its very nature a state of mind required to be proved with respect to every material element of prohibited conduct is not objectively discernible, but may be inferred or deduced from voluntary verbal and physical conduct and surrounding circumstances. *Case v. State* (1984), Ind., 458 N.E.2d 223. The required inference of intent is supported by the evidence recited above in this opinion under Issue I. From it the trier of fact was entitled to infer that appellant, irrespective of the debilitation of his mind, had the capacity at the time of the crime to form the requisite intent. The trier of fact was further warranted in inferring to a certainty beyond a reasonable doubt that appellant, having contemplated his own death and having placed a plan to bring that about into execution, then contemplated the continuance of life for his wife after his own death, and became angered at the apparent inequity. So motivated, he then contemplated her death and successfully executed a plan to that end, fully aware that the plan was wrong, but fortified by the notion that he would escape punishment through his own death. The jury was warranted in concluding that this was a murder, conceived and knowingly or intentionally committed during an attempt to commit suicide, and it was within its province to not credit the plethora of material supporting the conclusion of legal insanity and the conclusion that the specific intent for murder had not been formed.

### III

The appellate claim is next made that the trial court erred in admitting into evidence State's exhibits 23 through 27. These are five photographs showing different views and various wounds on the body of the victim. They were introduced after a witness testified that they accurately represented the decedent's body as discovered. Appellant argues that the prejudice to the defense through the tendency of these gruesome photographs to inflame the minds of the jury outweighed the minimal relevance which they may have had in light of the plea of insanity, which basically admits guilt.

The admission into evidence of a photograph is primarily a discretionary ruling subject to review on the broadest terms. *New v. State* (1970), 254 Ind. 307, 259 N.E.2d 696. The court is particularly wary of post-autopsy photographs, *Tinsley v. State* (1977), 265 Ind. 642, 358 N.E.2d 743, however none of the exhibits in this case fall in that class. The determination of relevancy turns upon whether a witness would be permitted to describe the objects photographed. *New v. State, supra.* Such exhibits should be excluded if they are unnecessary and are sought to be introduced only for the purpose of inflaming the jury's emotions. *Kiefer v. State* (1958), 239 Ind. 103, 153 N.E.2d 899. We would concede that the photographs are somewhat gruesome and would tend to shock some, however, there are only five such photographs and we do not believe that the initial reaction to them would have survived the trial and caused a significant prejudice to the defense during deliberations. They constituted a graphic portrayal of the testimony given at trial describing the nature and extent of the wounds causing death, and display such facts plainly and without undue distortion. The photographs of the victim were taken before her body was moved and accurately portray the crime scene. They were therefore plainly relevant. The insanity defense did not re-

lieve the State of its burden to prove guilt beyond a reasonable doubt, and such defense does not denigrate their relevance. No error in the admission of the exhibits is shown in this case.

## IV

Appellant claims that the aggravated sentence of sixty years is manifestly unreasonable in that the sentencing court failed to give appropriate mitigating value to the role played by his mental illness. In the sentencing order the court noted the requirement of I.C. 35-36-2-5 that a defendant found guilty but mentally ill be sentenced in the same manner as a defendant found guilty and requiring psychiatric evaluation and treatment during confinement, and also noted I.C. 35-50-2-3 which provides a standard sentence of forty years for murder with the potential for twenty additional years for aggravating circumstances and ten subtracted years for mitigating circumstances.

The evaluation of circumstances and the comparison of them are processes relegated to the domain of the sentencing court. The sentence reached will not be altered on appeal unless it is manifestly unreasonable. *Burgess v. State* (1983), Ind., 444 N.E.2d 1193. When the basic sentence is increased or decreased the record should show what factors were considered to be mitigating and aggravating.

In imposing sentence Judge Maschmeyer listed appellant's lack of a prior history of criminal activity as mitigating. As aggravating the court found the killing savage and brutal. The head was nearly severed and the trunk eviscerated. It left two small children without a mother. Her corpse was left for them to discover. The victim was in bed and had no real chance to defend herself against the attack. The knife used was eight inches in length, a very deadly tool. She did not belittle his capacities or provoke the attack in any manner. Appellant argues that the size of the weapon is not a proper aggravating circumstance. It is however, a circumstance of the killing warranting consideration.

The court also noted as negative that appellant had used drugs such as marijuana and had been hospitalized for overdose of drugs on two occasions. The court concluded that a rehabilitation or correctional treatment program for appellant would be facilitated by commitment. This is certainly supported by the record which disclosed that appellant would quit his prescribed drugs and then later be required to return for treatment when the delusions reoccurred. Appellant was well aware of the manner in which his illness worked.

As pointed out by appellant, there is a plethora of evidence of the destructive role that appellant's mental illness played in his life. He made repeated efforts to deal effectively with his problem, and was in fact at home on leave from a psychiatric facility when he killed. He manifested no scheming or devious frame of mind and did not attempt to conceal his crime. This was surely a condition under I.C. 35-38-1-7 of the defendant warranting substantial mitigating force. It was not given adequate consideration by the trial court for sentencing purposes. Without intent to depreciate in any manner the seriousness of this crime, we conclude nevertheless that the maximum sentence is manifestly unreasonable and that an aggravation of sentence of no more than ten years is required in the circumstances of this case.

We therefore remand this case to the trial court to enter a sentence of fifty years for the murder.

The conviction is affirmed.

SHEPARD, C.J., and DICKSON, J, concur.

PIVARNIK, J., concurs and dissents with separate opinion in which GIVAN, J., concurs.

PIVARNIK, Justice, concurring and dissenting.

While I concur with the majority in Issues I, II, and III, I must respectfully dissent to the position taken by the majority on Issue IV. I find no grounds for concluding that the maximum sentence im-

posed by the trial judge was manifestly unreasonable and that ten (10) years aggravation rather than twenty (20) would be reasonable. I suggest that it is not proper in our review of a sentence to impose our judgment over that of the trial judge. It is our duty to change or set aside a sentence that is manifestly unreasonable. The record shows the trial judge here carefully and judiciously considered all of the elements required under Ind. Code § 35–38–1–7 and gave sound reasons supported by the record and the evidence for imposing the sentence he did. The sentence was within the terms set by the Legislature. I find the same problem here that was apparent in *Hill v. State* (1986), Ind., 499 N.E.2d 1103, in which I also dissented and for similar reasons. I fear we may be sending confusing messages to trial judges in interpreting their role and ours in setting sentences. A review for the purpose of determining whether or not a sentence is manifestly unreasonable presumes more than simply substituting our judgment for that of the trial judge. That is what I think the majority is doing here and I must therefore dissent. I would affirm the trial court on all issues.

GIVAN, J., concurs.