Clarence C. STOUT, a/k/a Larry
Clinton Cornell, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9210–CR–509.[1]

Court of Appeals of Indiana,
First District.

April 26, 1993.

Transfer Denied June 23, 1993.

---

1. This case was transferred to this office on March 2, 1993 by direction of the Chief Judge.

John Pinnow Greenwood, for appellant-defendant.

Pamela Carter, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Clarence C. Stout appeals his conviction of child molesting, a class A felony.

We affirm.

Stout argues in this appeal:

(1) that the trial court erred in admitting evidence of the rape of a sixteen-year-old girl by Stout;

(2) that the trial court erred in permitting the victim's counselor to explain why the victim might add to her account of the charged crime;

(3) that the introduction of evidence of uncharged offenses under the depraved sexual instinct exception was fundamental error;

(4) that the conviction of class A felony child molesting is not supported by sufficient evidence on the element of the threat of deadly force;

(5) that the fifty-year sentence imposed was manifestly unreasonable, cruel and unusual punishment and in violation of article one, § 18 of the Indiana Constitution; and

(6) the trial court erred in denying the defense motion to strike statements made by the probation officer in the presentence report and a victim impact statement from the victim's mother.

We address the first and third issues together.

## I.

Stout maintains the trial court committed reversible error by permitting the introduction of evidence he had previously raped a first cousin. This evidence, along with testimony that Stout had molested this particular cousin on two occasions before she turned sixteen, and testimony from a series of other family members whom Stout had molested in the past, was admitted pursuant to the depraved sexual instinct exception to the general rule forbidding admission of uncharged offenses or bad acts. Stout argues, first, that a prior rape would not have been admissible under the exception, citing *Stwalley v. State* (1989), Ind., 534 N.E.2d 229 and *Reichard v. State* (1987), Ind., 510 N.E.2d 163; and, second, that, with the abolition of the exception by the Indiana Supreme Court in *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, the admission of the evidence of the rape and other acts of child molesting constitutes reversible error.

Neither *Stwalley* nor *Reichard* involves the introduction of evidence of a prior rape in a prosecution for child molesting. *Reichard* involved the introduction of evidence of a second rape in a trial for rape. Although *Stwalley*, which followed *Reichard*, came to the court with convictions of both rape and child molesting, the offenses arose from the same act of intercourse, causing the court to vacate the child molesting conviction upon double jeopardy principles. That the *Stwalley* court did not intend to decide the propriety of evidence of an earlier rape in a child molesting prosecution is apparent from the court's statement that it need not consider whether the court erred in permitting a prior rape conviction to be used as evidence of child molesting. 534 N.E.2d at 231.

The trial court admitted the evidence of the rape by Stout of his cousin based upon the precedent of *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, in which the Indiana Supreme Court held that evidence of a rape twenty-two years earlier was admissible as evidence of child molesting. In *Lawrence*, the court observed that the acts of rape and child molesting were similar in character in that both involved sexual aggression, accomplished either by intimidation, force, threat or engendering fear. The rule of

*Lawrence* continued to be the law until *Lannan* abolished the exception altogether. *See Foster v. State* (1988), Ind., 526 N.E.2d 696 (Upholding impeachment by use of prior conviction for assault and battery with intent to commit rape in prosecution for child molesting); *Stewart v. State* (1990), Ind., 555 N.E.2d 121 (Citing *Lawrence* as authority for admission of evidence of oral and anal intercourse in prosecution for criminal deviate conduct and confinement); *Knisley v. State* (1985), Ind. App., 474 N.E.2d 513, 517, *trans. denied.*

■ Although Stout objected to the admission of the uncharged rape as evidence of a depraved sexual instinct, at no time did he object to the evidence of any of the prior bad acts or offenses on the ground that the justifications for the depraved sexual instinct exception were no longer valid or that the rule should be abolished for other reasons. The *Lannan* decision may be retroactively applied only to those cases pending on appeal at the time of the decision in which the issue has been properly preserved. *Pirnat v. State* (1992), Ind., 600 N.E.2d 1342, *on rehearing,* (1993), Ind., 607 N.E.2d 973, 973–74; *Ried v. State,* (1993), Ind.App., 610 N.E.2d 275, 281–82 (Barteau J. dissenting). *Accord Coleman v. State* (1990), Ind., 558 N.E.2d 1059, *cert. denied,* —— U.S. ——, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (*Booth/Gathers* decisions of U.S. Supreme Court apply to direct appeal of a trial occurring before those cases were decided so long as the appellant has preserved a victim impact issue by objection at trial). And, *cf. Vanover v. State* (1992), Ind.App., 605 N.E.2d 218 (Objection made anticipating abolishment of rule); *Sink v. State* (1993), Ind.App., 605 N.E.2d 270 and *Moran v. State* (1992), Ind.App., 604 N.E.2d 1258 (Proper objections made to preserve error).

■ Stout concedes, at least with respect to the evidence of prior offenses other than the rape, that he voiced no specific objection at trial. He argues, however, that the admission of this evidence constitutes fundamental error which will survive the procedural default occasioned by his failure to object. Although the Indiana Supreme Court has not yet spoken on this issue, one district of this court has held that the admission of prior offenses as evidence of child molesting is not fundamental error. *Ried,* 610 N.E.2d at 282. This result is consistent with Indiana Supreme Court and Court of Appeals decisions which have held generally that the admission of evidence of other offenses does not deprive a defendant of fundamental due process. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054; *Greentree v. State* (1976), 265 Ind. 47, 351 N.E.2d 25; *Dorsey v. State* (1977), 171 Ind.App. 408, 357 N.E.2d 280. Accordingly, we follow the lead of the fourth district and hold that any error in the admission of prior offenses evidence was not fundamental.

## II.

■ Stout argues the trial court erroneously permitted a counselor of the victim to effectively vouch for the veracity of the victim. The counselor was asked first whether she had an opinion as to why she would get bits and pieces of an incident from children who have suffered a traumatic event and to state that opinion. Stout made no objection. The witness testified:

> ... Like in normal circumstances if we are afraid or nervous about something, we may be scared that we're gonna look stupid or somebody might not like us, there's a tendency for people to avoid or ... you know, stay away or withdraw. They're afraid and they're anxious about something. When you're traumatized by something, it's possible to intensify that where you want to block it out completely or that you only deal with what you have to deal with and you may leave out bits and pieces. You may forget about things altogether. It may be too painful to talk about. You may not have the words or the understanding of how to deal with it or to talk about it. But in a trauma, I think that it's not uncommon to see a detachment from the event and even forget or ... you know, not remember specific things related to the event. It's not uncommon to want to forget ...

to want to, you know, make it not happen.

A few questions later, the witness was asked whether she had an opinion

as to ... based upon the facts that I've given you, ..., regarding a hearing in 1985 where this person who at that time was eleven years of age ... and that person came into Court on July seven, 1992, and that same person ... and testified at a hearing and added to what was said in 1985? Would you have an opinion as to why a person ... an individual under those circumstances would do that?

Over Stout's objection that "that is for the finder of the fact, that being the jury to decide and resolve," the witness testified

[o]ne possible reason or my opinion might be that the person was threatened or told not to tell and was scared to tell. That the person might be very embarrassed about the facts or that the person may be so traumatized that they totally ... they repressed or denied important aspects of the traumatic event until a later date. When you are dealing with a lot of emotional or physical stress or demands, you deal with what you have to deal with as you can deal with it. And you can't deal with everything all at once. You deal with stress and trauma gradually as in a process, bit by bit, not all at once.

■ In child molesting cases, adult witnesses are prohibited from making direct assertions as to their belief in the child's testimony, as such vouching invades the province of the jury to determine the weight to place on the child's testimony. *Stewart v. State* (1990), Ind., 555 N.E.2d 121, 125. We observe that at no time did the adult witness here state her belief that the victim was telling the truth. At best, the testimony can be said to show the victim's purported memory loss to be a credible explanation for the revelation of details not previously disclosed. Expert testimony that an individual's subsequent behavior is consistent or inconsistent with that observed from other victims is a type of evidence which is admissible. *Henson v.*

*State* (1989), Ind., 535 N.E.2d 1189. Assuming then that Stout objected on the ground that the question called for the impermissible form of vouching, the trial court properly overruled the objection.

■ Moreover, any error is harmless beyond a reasonable doubt because the evidence is essentially cumulative of the testimony admitted without objection only minutes before. *Collins v. State* (1991), Ind., 567 N.E.2d 798, 801.

### III.

■ Stout argues the evidence is insufficient to establish a threat of deadly force. Forcing a child of eleven years to submit to sexual touching is a class C felony, but this offense is raised to the class A felony level if it is committed "by using or threatening the use of deadly force, or while armed with a deadly weapon". Ind.Code 35–42–4–3(b).

Stout acknowledges that the victim's "testimony that Stout threatened to kill her is sufficient evidence of the threat of deadly force" but argues that the victim's testimony is inconsistent and inherently incredible. In particular, he focuses on the details added by the victim at trial which were not revealed before or during the first trial.

■ Stout denied that he had threatened to choke the victim and throw her body in a field if she continued to scream and denied engaging in sexual intercourse with the victim. He admitted that he did fondle her and that the remainder of the victim's testimony was essentially true. Both the victim's explanation for her failure to testify to all of the matters she reported at Stout's trial, that is, her inability to remember, and Stout's admissions were before the jury which bore the responsibility for evaluating credibility. On appeal, this Court will not impinge on the jury's resolution of these credibility disputes unless confronted with testimony of "inherent improbability," or coerced, equivocal, wholly uncorroborated testimony of "incredible dubiosity." *Stewart*, 555 N.E.2d at 125 n. 5 (citing *Bedwell v. State* (1985), Ind., 481 N.E.2d 1090, 1092). To

require reversal, a victim's testimony must be so incredibly dubious or inherently improbable that it runs counter to human experience, and no reasonable person could believe it. *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 904; *Tam v. State* (1987), Ind.App., 507 N.E.2d 993, 995, *trans. denied.*

We find nothing about the victim's version of the events to be counter to human experience. Child molesters frequently threaten their victims to assure their silence about the crime. Whether Stout in fact threatened the victim of this molesting with death was a matter for the jury to determine from all of the evidence. We find the victim's uncorroborated testimony to be sufficient.

### IV.

Stout argues his fifty-year sentence violates article one, section eighteen of the Indiana Constitution, constitutes cruel and unusual punishment in violation of the federal Constitution and is manifestly unreasonable. The crux of each argument is the trial court's failure to order treatment in lieu of imprisonment.

Stout offered evidence at his sentencing hearing that he was mentally ill, having been diagnosed as a pedophile with an antisocial personality disorder and a post-traumatic shock disorder occasioned by his service in Vietnam. *See generally Stout v. State* (1991), Ind.App., 580 N.E.2d 676. The sentencing court specifically found Stout to be mentally ill.

Stout acknowledged at sentencing that twenty years of whatever sentence he received must be ordered to be executed, but urged the court with respect to "the limit of the sentence you see fit, even if it be fifty years," to suspend all but the minimum twenty years and place him on extremely strict probation incorporating a treatment program. After a brief discussion of the circumstances and the evidence, the sentencing court cited one aggravating factor, the fact that Stout had engaged in similar and like conduct for a period of twenty years, imposed the maximum penalty provided by law, and committed Stout to the department of corrections. The court did not articulate any mitigating circumstances. Stout does not argue that any mitigating circumstances were overlooked.

The evaluation of circumstances relevant to sentencing and the comparison of them are processes within the domain of the sentencing court. The sentence reached will not be altered on appeal unless it is manifestly unreasonable. *Christopher v. State* (1987), Ind., 511 N.E.2d 1019, 1023. A sentence is not manifestly unreasonable unless no reasonable person could find the sentence appropriate to the particular offense and offender for which the sentence was imposed. Ind.Appellate Rule 17(B)(2).

Our courts have formulated a two-step process for applying this rule. If upon initial review of the record the appellate court determines the sentence may be manifestly unreasonable, the reviewing court will then peruse the record and determine, in light of all the factors relevant to the sentence, whether the sentence imposed was manifestly unreasonable. *Hill v. State* (1986), Ind., 499 N.E.2d 1103, 1109.

Applying this method of analysis, we consider whether "at first blush" a fifty-year sentence for a single count of child molesting appears disproportionate. Stout was fifty years old at the time of sentencing. He had been charged and convicted of multiple sex offenses, including bastardy, rape, and lewd and lascivious behavior. In the mid–1970's, Stout had been committed to an institution for treatment. He admitted, in 1976, that he had already been involved with between thirty to forty prepubescent or pubescent girls, most of them more than once. Some of this contact occurred in Vietnam.

The offense in this case occurred on July 7, 1984, when his victim was eleven years old. She was one of several of Stout's victims, including Stout's own daughter, to testify at the trial. More than one of the victim-witnesses had been threatened with death at a time when Stout had displayed a weapon. More than one of the incidents involved sexual intercourse and many in-

volved criminal deviate conduct. The presentence investigation report discloses 20–30 episodes of sexual contact just with Stout's daughter. This is the evidence to support the single aggravating circumstance enunciated by the court for the sentence.

Stout urges however that the fifty-year sentence is manifestly unreasonable in light of the offense and the character of the offender. First, he points out that the offense here did not involve the use of a deadly weapon. Stout threatened to strangle his victim when she was trying to scream. Second, he contends the sentence is manifestly unreasonable because it does not afford him treatment.

It is true as Stout contends this offense did not involve a deadly weapon. The absence of a deadly weapon or its use is a circumstance which distinguishes this crime, at least for purposes of the degree of aggravation, from other class A felony child molesting cases. The absence of extreme brutality is also a distinguishing circumstance. *Fointno v. State* (1986), Ind., 487 N.E.2d 140.

In addition, the record suggests circumstances in mitigation. Stout received awards and commendations for his service in the United States military and several promotions. His records indicate that he performed his duties well. Stout has been in prison for most of the time since his first trial. There he has demonstrated the ability to lead and earned responsible positions. He wants to be cured of his disorders.

On the other hand, the record reflects that Stout has violated probation in the past, resisted arrest, committed various traffic offenses and been convicted of receipt of stolen property from the military in addition to the child molestation crimes. None of the witnesses disagreed about the chances of Stout committing another crime like the ones he has committed in the past. And, the evidence is also fairly conclusive that Stout's clear preference for a victim is a child under the age of twelve. This having been at least his fourth conviction for an offense involving sexual intercourse

with a young girl, a lesser penalty may depreciate the seriousness of the present offense. There are other aggravating factors as well: the effects of the incident on the victim who at the age of eighteen continues to experience nightmares on a regular basis and, that he sought out his own child and nieces and used this relationship to get his victims away from their parents and to obtain his victim's trust and silence.

Stout insists that the sentence is manifestly unreasonable because it does not have a treatment component. By this Stout must mean the assignment, for part of his sentence, to a treatment program outside of the department of corrections. But, the evidence first does not establish that any of Stout's disorders are curable. Rather, the evidence is fairly pessimistic in this regard. Pedophilia is very resistant to treatment according to Stout's witnesses. The expert on post-traumatic shock disorder testified that even if Stout attended one of the best programs in the country for veterans, his symptoms would only then *be manageable.* Moreover, the record supports the reasonable conclusion that adversive treatment, one form of which is imprisonment, is one of the four necessary components of a successful treatment program for pedophilia. Stout's imprisonment therefore can be viewed as an aspect of an appropriate treatment program.

The range of sentence for a class A felony is twenty to fifty years with thirty years being the fixed standard term. Ind. Code 35–50–2–4. The circumstances here do not strike us as being of the type which compel a reduction in sentence. The State is certainly justified in punishing a recidivist more severely than it punishes a first offender. *Cf. Fointno,* 487 N.E.2d 140 (permitting forty-year sentence given to first time offender for rape to stand).

 Stout contends that the maximum sentence is cruel because it shows deliberate indifference for his medical condition in violation of the eighth amendment to the United States Constitution.[2] In essence, he claims that imprisonment deprives him of

**2.** Stout does not make a distinct argument con- cerning the excessiveness of the punishment.

necessary medical treatment because he is unable to receive adequate medical care for his psychiatric conditions in prison. We note that Stout's argument presents only the narrow question of whether the eighth amendment is violated when an offender whom the sentencing court has found to be mentally ill is sentenced to prison. We have not found an Indiana case which directly addresses this question.[3]

■ Elementary principles of eighth amendment jurisprudence establish the government's obligation to provide medical care for those whom it is punishing by incarceration. *Estelle v. Gamble* (1976), 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251. This obligation extends to care for serious mental disorders. *U.S. v. Kidder* (9th Cir., 1989), 869 F.2d 1328, 1331.

■ To demonstrate a violation of the cruel and unusual punishment clause in sentencing, Stout must show that no constitutionally acceptable treatment can be provided while he is imprisoned. *Id.* It is irrelevant that any treatment he is currently receiving is inadequate or that the prison in which he presently resides does not have an orchestrated program to care for people with his conditions; Stout must show that his care cannot be made adequate. *Id.* Proof that psychiatric care outside of the prison system would be the best course of treatment does not establish that it is the *only* constitutionally acceptable form of treatment. *Id.*

Stout has not presented any evidence which meets this burden of proof. Stout did offer evidence concerning a program in Georgia for the treatment of his post-traumatic shock disorder. But the evidence is less than clear concerning the necessary components of a treatment program for PTSD and there is no evidence which would lead to the conclusion that such a program could not be provided in a prison. The evidence does identify the four components of a successful treatment program for a pedophile: adversive treatment, medication, in-patient treatment for a period of

about six months and ongoing psychotherapy but again, there is no evidence that a program containing these elements could not be provided by the corrections department. The evidence simply does not eliminate the possibility that prison programs could be improved to provide constitutionally adequate treatment during imprisonment.

Lastly, Stout argues that his sentence is vindictive and therefore in violation of the Indiana Constitution. Again, his contention relies upon the fact that it is unlikely he will receive treatment in prison. The case Stout cites, *Fointo*, 487 N.E.2d 140, holds that a sentence which is disproportionate and hence, manifestly unreasonable, may be vindictive and a violation of the Indiana Constitution. We have held that the sentence imposed here is neither manifestly unreasonable nor cruel. In the absence of any other authority, we conclude it is also not vindictive.

## V.

■ Stout maintains that he was denied due process and is entitled to a new sentencing hearing because the sentencing court denied his motion to strike certain inflammatory opinions expressed by the probation officer in the presentence report and victim impact statement made by the victim's mother following the first trial. At the time of sentencing, the victim was eighteen but declined to testify.

For the most part, the presentence report appears to be an objective presentation of the materials collected by the investigator. Admittedly, however, the manner in which some of the probation officer's conclusions are stated is satiric. Notwithstanding the manner in which these ideas have been expressed, the conclusions reached by the probation officer have evidentiary support. A thirty-month commitment to a psychiatric hospital for treatment of pedophilia apparently had little effect on Stout, for the testimony at trial established that he raped a niece shortly after his release. And, the sheer number of Stout's victims evinces a very real need to remove him from society.

---

**3.** Our analysis will be succinct since Stout has not fully developed the issue in his brief.

The very same conclusions can be drawn from the evidence offered by Stout at the sentencing hearing. The risk that he will commit the crime of child molesting again is very high while the likelihood of a cure is, at best, remote. For these reasons, we cannot say that error, if any, in refusing to strike the probation officer's statements harmed Stout's substantial rights.

Similarly, error which may exist in the admission of the victim impact statement completed by the victim's mother after the first trial does not warrant a resentencing. The statement is but a few sentences long and is merely cumulative of testimony given by the victim herself at trial and the victim's mother at sentencing.

Judgment affirmed.

FRIEDLANDER, J., concurs.

SULLIVAN, J., dissents with separate Opinion.

SULLIVAN, Judge, dissenting.

In order to gain the benefit of *Lannan v. State* (1992) Ind., 600 N.E.2d 1334, the majority would, by hindsight, seem to require an objection so specific as to virtually anticipate the precise holding of that case. I do not view the law to require such fool-proof clairvoyance. *See Ried v. State*, (1993) 4th Dist.Ind.App., 610 N.E.2d 275, 281–82 (Barteau, J., dissenting).

At trial, the evidence of Stout's prior rape of T.A. was admitted under the depraved sexual instinct rule. Stout's specific objection was that the evidence is "inadmissible as a collateral crime.... [I] would also contend that this particular instance ... does not fall within that category [of depraved sexual instinct] ... [because] ... the basic premise of it being that he was charged with child molesting and intercourse with a person over the age of sixteen is not child molesting...." Record at 432–433. It is clear from the trial court's ruling upon the objection that any rape, whether of an adult woman or otherwise, would have been admitted because

"the rape of male upon female is to satisfy the sexual appetite of the defendant who commits the rape. So I would say that the rape would be relevant in terms of satisfying depraved sexual instincts." Record at 436. The law is otherwise. *Stwalley v. State* (1989) Ind., 534 N.E.2d 229.

Stout's objection did assert that the prior rape did not tend to demonstrate a depraved sexual instinct. However, it was also premised upon the claim that the act was a collateral offense, evidence of which is excluded by the general rule against evidence of prior unrelated criminal acts. Absent the depraved sexual instinct exception which was abolished by *Lannan*, the general prohibition is applicable. Accordingly, the objection as made at trial was proper and the error was therefore properly preserved.

In the context of the objection as made, Stout should not be held to an unreasonable burden of anticipation with respect to the pronouncements of *Lannan* and *Pirnat v. State* (1992) Ind., 600 N.E.2d 1342. Furthermore, the cumulative prejudicial effect of testimony concerning many other prior acts cannot be ignored.[4] This evidence was not admitted in order to show a common scheme or plan, i.e., that some, or most, of the prior victims had been threatened as was the victim here. Instruction No. 19 specifically advised the jury and limited their consideration as follows:

"Evidence has been introduced that the defendant was involved in crimes other than that charged in the information. This evidence has been received solely on the issue of the defendant's sexual propensities. *This evidence is to be considered by you only for the limited purpose for which it was received.*" (Emphasis supplied) Record at 108.

The conviction should be reversed and the cause remanded for a new trial.

---

**4.** The prior unrelated acts played a prominent role with regard to inappropriate comments contained in the pre-sentence report and with

respect to the fifty-year enhanced sentence imposed.