Larry CHUBB, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9302–CR–53.

Court of Appeals of Indiana, Second District.

Jan. 27, 1994.

Rehearing Denied March 8, 1994.

Derek A. Baxter, a passenger, was injured.

David L. Rimstidt, Rimstidt, Yackey & Ladd, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Larry Chubb appeals his conviction of public indecency,[1] a class A misdemeanor. We reverse.

## ISSUE

Although Chubb raises several issues for our review, we only address the dispositive issue which we raise sua sponte: whether there is sufficient evidence to support Chubb's conviction.[2]

1. See IC 35–45–4–1(a) (1988).

2. See Miller v. State (1993), Ind.App., 616 N.E.2d 750, 751 n. 3 (conviction based on insufficient

## FACTS

On November 29, 1991, an Indianapolis police officer was working undercover at the Glendale Mall. The officer entered a mall's restroom and positioned himself at a urinal adjacent to three partitioned stalls. The partitions separating the bathroom stalls were five feet high. Chubb entered the stall nearest to the officer. The officer, who is 5' 10" or 11", testified that, from his position at the urinal, he saw Chubb masturbating as Chubb sat on the toilet, and that Chubb looked at him while the officer pretended to urinate. The officer also testified that the toilet was inside the stall, "approximately two inches from the partition." Record at 238. The officer left the restroom briefly to speak with his partner and then returned to the urinal he had vacated. At this point, the officer and Chubb were alone in the restroom. The officer testified that Chubb, who is a few inches shorter than the officer, reached over the five foot high partition and attempted to kiss him, then rubbed the officer's chest and motioned the officer to enter an adjacent stall. According to the officer, after the officer entered the stall, Chubb leaned over the partition and fondled the officer's genitals.

Chubb appeals his jury conviction of public indecency charged as "appear[ing] in a state of nudity and fondl[ing] the genitals of [the officer]." Record at 4.

## DISCUSSION

■ A reviewing court will not impinge upon the fact finder's resolution of credibility issues "unless confronted with testimony of 'inherent improbability,' or coerced, equivocal, wholly uncorroborated testimony of 'incredible dubiosity.'" Stout v. State (1993), Ind.App., 612 N.E.2d 1076, trans. denied (citations omitted); see also Shippen v. State (1985), Ind., 477 N.E.2d 903, 904. The decision that evidence is so incredibly dubious or inherently improbable that it runs counter to human experience and that no reasonable person could believe it is one this court makes only with great hesitation and after serious deliberation. However, this court

evidence is fundamental error which may be raised sua sponte).

cannot shrink from its duty when faced with such evidence.

Here, after just such hesitation and deliberation, we must conclude that the evidence upon which the jury necessarily had to rely to convict Chubb falls within the category of evidence that is so improbable as to be without probative value.

■ Chubb was charged with appearing in a public place in a state of nudity. However, Chubb's nudity occurred within the enclosed stall. Also, the enclosed stall had partitions of sufficient height that, when Chubb was within the enclosed stall, he was not in a public place, that is, his conduct or condition therein was not visible to the casual public eye. *Thompson v. State* (1985), Ind.App., 482 N.E.2d 1372, 1376. Hence, Chubb's nudity within the confines of that enclosed stall falls outside the proscription of the public indecency statute. Considering the officer's height, the height of the partition, and the proximity of the toilet to the partition, the only explanation for the officer viewing Chubb's nudity is that the officer purposely leaned over the partition to peer into Chubb's private space inside the enclosed stall. Thus, Chubb's nudity while inside his enclosed stall does not violate IC 35–45–4–1(a) because it did not occur in a public place.

■ We are also forced to conclude that the alternatively charged conduct, that Chubb fondled the officer's genitals, did not occur in the manner described by the officer. A person of Chubb's height could not raise his arm over the five foot partition to a sufficient degree as to reach any perceptible downward distance on the other side of the partition, and certainly not to the distance necessary to fondle the officer's genitals. Therefore, after reviewing the officer's testimony, we are compelled to find that it is insufficient to support Chubb's conviction.

Chubb's conviction for public indecency is reversed and this cause is remanded to the trial court with instructions to enter a judgment of acquittal.

SULLIVAN and RUCKER, JJ., concur.