

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 23, 1996

The Honorable Cindy Maria Garner
District Attorney
349th Judicial District
P.O. Box 1076
Crockett, Texas 75835

The Honorable Joey L. Boswell
Comanche County Auditor
Courthouse
Comanche, Texas 76442

Opinion No. DM-413

Re: Whether a county is liable for the payment of medical expenses that a county jail inmate who is not an eligible county resident under chapter 61 of the Health and Safety Code incurs (RQ-685, ID# 27238)

Dear Ms. Garner and Mr. Boswell:

Ms. Garner has requested our opinion as to whether a county is liable for the payment of medical expenses incurred by an inmate in the county jail who cannot prove he or she is indigent. By "indigent," we understand Ms. Garner to refer to an "eligible resident," as section 61.002(4) of the Health and Safety Code defines that term.[1] Ms. Garner indicates that, at present, the Houston County Hospital District and Houston County disagree as to the resolution of the issue: the hospital district contends that the county must pay the medical expenses of a noneligible inmate, while the county argues that a noneligible inmate directly should receive the bill for any necessary medical expenses.[2]

Similarly, Mr. Boswell asks which entity is responsible for the cost of medical services rendered to an inmate in the Comanche County Jail in the following situation:

> X, a resident of the Comanche County Hospital District, was incarcerated in the Comanche County Jail. Upon being incarcerated, X was taken by a Comanche County Deputy Sheriff to the Brownwood Regional Medical Center in Brown County, Texas, for emergency

---

[1]An "eligible resident" for purposes of chapter 61 of the Health and Safety Code is "a person who meets the income and resources requirements established by th[e] chapter or by the governmental entity, public hospital, or hospital district in whose jurisdiction the person resides." Health & Safety Code § 61.002(4).

[2]The question before us here concerns the medical costs a noneligible inmate of a county jail incurs; it therefore differs from the question before us in Attorney General Opinion DM-225. In that opinion this office considered whether a county was liable for the costs of medical services provided to *eligible* inmates of the county jail. Attorney General Opinion DM-225 (1993).

> treatment. Thus[,] medical expenses were incurred in Brown County for treating X. The Comanche County Sheriff's Department assumed that X was indigent, but there was no determination made as to the indigency of X. The Comanche County Hospital District was not notified since it does not have a detoxification facility for treating ethanol alcohol addiction whereas [] Brown County . . . does have such a facility.

We believe that our answer to Ms. Garner's question will answer Mr. Boswell's question as well.

Article 104.002(d) of the Code of Criminal Procedure resolves the question. Because the legislature amended subarticle (d) twice in 1991, by the passage of Senate Bill 404 on March 21, 1991, and by the passage of House Bill 1652 on May 25, 1991, we must consider which version controls. Senate Bill 404 is recorded in the session laws as Act of March 21, 1991, 72d Leg., R.S., ch. 14, § 284(19), 1991 Tex. Gen. Laws 42, 223 ("chapter 14"); House Bill 1652 is recorded in the session laws as Act of May 26, 1991, 72d Leg., R.S., ch. 434, § 1, 1991 Tex. Gen. Laws 1597, 1597-98 ("chapter 434").

In Attorney General Opinion DM-225, we determined that the legislature intended chapter 434 to prevail over chapter 14. Attorney General Opinion DM-225 (1993) at 3 n.1. Chapter 14 was a nonsubstantive amendment to the existing subarticle (d) that the legislature enacted to conform the provision to the codification of the Indigent Health Care and Treatment Act as chapter 61 of the Health and Safety Code. *Id.* Chapter 434, on the other hand, effected substantive changes to subarticle (d). *See id.*

Article 104.002(d) provides as follows:

> A person who is or was a prisoner in a county jail and received medical, dental, or health related services from a county *or a hospital district* shall be required to pay for such services when they are rendered. If such prisoner is an eligible county resident as defined in Section 61.002, Health and Safety Code, the county or hospital district providing the services has a right of subrogation to the prisoner's right of recovery from any source, limited to the cost of services provided. A prisoner, unless the prisoner fully pays for the cost of services received, shall remain obligated to reimburse the county or hospital district for any medical, dental, or health services provided, and the county or hospital district may apply for reimbursement in the manner provided by Chapter 61, Health and Safety Code. A county or hospital district shall have authority to recover the amount expended in a civil action.

We understand both of you to ask about a situation in which a hospital district, not the county, provides the medical services.

Subarticle (d) makes clear that the noneligible inmate is ultimately responsible for the cost of medical services he or she receives while the inmate is incarcerated, whether the services are provided by a county or a hospital district. Additionally, we construe subarticle (d) to provide a hospital district that has rendered medical services to an inmate of the county jail with a right to receive payment immediately upon rendering the services. We understand, however, that an inmate may be unable to pay the hospital district immediately upon receiving the medical services. For example, we note that an inmate who is not going to be released from a county jail must surrender, for safekeeping purposes, his or her property (including money) to the officer receiving the inmate into the jail, *see* 37 T.A.C. § 265.10, and thus may not have sufficient funds on his or her person when the hospital district renders the medical services. We thus consider which entity, the county or the hospital district, must, until the inmate pays for the medical services, carry the cost of the medical services if the inmate is unable to pay the hospital district at the time the services are rendered.[3]

Article 104.002(a) of the Code of Criminal Procedure deems the county of incarceration liable for all expenses it incurs in the safekeeping of prisoners confined in the county jail or that the county is keeping under guard, unless article 104.002 provides otherwise. On the other hand, we are unaware of any provision that deems a hospital district liable for the costs of providing medical services to a noneligible inmate of the county jail. This indicates that the county is responsible for carrying the cost of the medical services until it collects reimbursement from the inmate. We believe the legislative history of article 104.002 of the Code of Criminal Procedure lends further support to this assertion.

Prior to its amendment in 1987, article 104.002 of the Code of Criminal Procedure required a county to pay all of a county jail inmate's medical expenses, regardless of the inmate's ability to pay for the services. *See* Hearings on H.B. 2308 Before the House Comm. on County Affairs, 70th Leg., R.S. (Apr. 7, 1987) (statement of Representative Stiles, author) (tape available from House Video/Audio Services Office). In 1987 the legislature amended article 104.002 by adding subarticle (d), which, except for the recurring references to "hospital district," reads substantially as it does now. *See* Act of May 26, 1987, 70th Leg., R.S., ch. 1010, § 1, 1987 Tex. Gen. Laws 3412, 3412-13; *see also* Act of May 26, 1991, 72d Leg., R.S., ch. 434, § 1, 1991 Tex. Gen. Laws 1597, 1597-98. The purpose of the 1987 amendment was not only to require an inmate in a county jail to pay for medical and dental services that he or she receives while incarcerated, but also to authorize the county to bring a civil action to recover costs it expends on a particular inmate. *See* House Comm. on County Affairs, Bill Analysis, H.B. 2308, 70th Leg., R.S. (1987).

---

[3]Generally, however, a hospital must provide emergency services to an inmate who requires them regardless of the inmate's ability to pay. *See* Health & Safety Code § 311.022(a); *see also id.* § 241.003(4) (defining "general hospital").

A representative of the Sheriffs' Association of Texas, which drafted the 1987 amendment, testified before the House Committee on County Affairs that House Bill 2308 provided, through various methods, for reimbursement of the medical costs that counties pay for county jail inmates. *See* Hearings on H.B. 2308 Before the House Comm. on County Affairs, 70th Leg., R.S. (Apr. 7, 1987) (statement of Dan Smith, Bell County sheriff) (tape available from House Video/Audio Services Office). First, an inmate who has sufficient funds deposited with the sheriff, upon requesting medical attention, must sign an agreement that the costs of the medical services be subtracted from his or her inmate account. *See id.* Second, an inmate who is eligible for assistance under chapter 61 of the Health and Safety Code must sign a statement of indigency, and the county must assist the inmate to apply for indigents' health care funds that are available. *See id.*

As noted above, in 1991 the legislature amended subarticle (d) by, among other things, adding the repeated references to "hospital district." *See* Act of May 26, 1991, 72d Leg., R.S., ch. 434, § 1, 1991 Tex. Gen. Laws 1597, 1597-98. A witness who testified before the Senate Subcommittee on Health Services indicated that the revisions were necessary to authorize the county or hospital district in which the inmate is incarcerated to recover from the county or hospital district in which the inmate resides. Hearings on S.B. 1336 Before the Senate Subcomm. on Health Services, 72d Leg., R.S. (Apr. 29, 1991) (testimony of Jim Allison, County Judges and Commissioners Assoc.) (tape available from Senate Staff Services).

In our opinion, the legislature intended the 1991 amendment to reflect the fact that, under the Indigent Health Care and Treatment Act, Health & Safety Code ch. 61, either a county or a hospital district may be responsible for an eligible inmate's medical care, dependent upon the location of the inmate's residence. The amendment thus authorizes the provider of such medical services, whether a county or a hospital district, to recover its expenses. We do not believe the legislature intended to require a hospital district to carry the expense of providing medical services to a noneligible inmate of the county jail until the inmate pays for the services. A hospital district has no obligation to bear, either temporarily or permanently, the cost of medical expenses for a noneligible inmate, regardless of whether the inmate resides in the hospital district.[4] *Cf.* Code Crim.

---

[4]Additionally, the Eighth Amendment to the United States Constitution requires the government to provide medical care "for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *see also Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981) (quoting *Estelle*, 429 U.S. at 103); *Stout v. State*, 612 N.E.2d 1076, 1083 (Ind. Ct. App. 1993) (citing *Estelle*, 429 U.S. at 103). The county, not the hospital district, is punishing the inmates. Under the Supreme Court's rationale in *Estelle*, the county should therefore be required to provide medical care for its inmates.

Moreover, the duty to provide medical care may include the duty to pay for the services. *See Monmouth County Correctional Inst. Inmates v. Lanzaro*, 643 F. Supp. 1217, 1226-27 (D.N.J. 1986), *aff'd in part, modified in part on other grounds*, 834 F.2d 326 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). In *Monmouth County Correctional Institution Inmates* the court found that a county jail had a duty to pay for its inmates' necessary medical care because the inmates' financial dependency results from their incarceration. *Id.* at 1227.

Proc. art. 104.002(a). Furthermore, if an inmate has surrendered his or her property to the county jail, *see* 37 T.A.C. § 265.10, the county, not the hospital district, has access to the property and may be reimbursed from the property. *See* Hearings on H.B. 2308 Before the House Comm. on County Affairs, 70th Leg., R.S. (Apr. 7, 1987) (statement of Dan Smith, Bell County sheriff) (tape available from House Video/Audio Services Office).

In conclusion, we construe article 104.002 of the Code of Criminal Procedure ultimately to obligate a noneligible inmate to pay the costs of medical services the inmate receives while incarcerated. In the event the noneligible inmate is unable to pay a hospital district at the time the inmate receives such services from the hospital district, the county of incarceration must pay, at the time of rendering, the hospital district.[5] In the situation Mr. Boswell presents, therefore, X is ultimately liable for the costs of the medical services X receives from the Brownwood Regional Medical Center.[6] If X is unable to pay for the services at the time X receives them, Comanche County, the county of incarceration, must pay the Brownwood Regional Medical Center. Of course, article 104.002(d) authorizes the county to seek reimbursement from the inmate or from another source.

---

[5]We do not here consider whether a hospital district may bill a noneligible inmate who is unable to pay the hospital district at the time the services are rendered.

[6]We assume that X is in fact a noneligible inmate. If X is eligible for assistance under chapter 61 of the Health and Safety Code, either the county of residence or the hospital district of residence is liable, in accordance with chapter 61, for the cost of medical services X receives during his or her incarceration. *See generally* Attorney General Opinion DM-225 (1993); *supra* note 2 (citing Attorney General Opinion DM-225).

## S U M M A R Y

Under article 104.002(d) of the Code of Criminal Procedure, a hospital district is entitled, at the time it renders medical services to an inmate of the county jail who is not eligible for assistance under chapter 61 of the Health and Safety Code, to payment from the inmate. The noneligible inmate is ultimately liable for the costs of medical services he or she receives while incarcerated. If the inmate is unable to pay the hospital district at the time he or she receives medical services from the hospital district, the county of incarceration must pay for the services. Section 104.002(d) authorizes the county to seek reimbursement from the inmate or from another source, however.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General