## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 21 2016, 6:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clarence Stout a/k/a, Larry Cornell, | July 21, 2016 |
| *Appellant-Petitioner,* | Court of Appeals Cause No. 48A04-1509-PC-1411 |
| v. | Appeal from the Madison Circuit Court |
| State of Indiana, | The Honorable Thomas Newman, Jr., Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 48D03-1102-PC-5 |

**Barnes, Judge.**

# Case Summary

Clarence Stout (a/k/a Larry Clinton Cornell) appeals the denial of his petition for post-conviction relief ("PCR petition"), which challenged his conviction for Class A felony child molesting. We affirm.

# Issue

The sole issue before us is whether the post-conviction court properly concluded that Stout received effective assistance of trial counsel.

# Facts

In 1984, Stout was charged with molesting his niece, ten-year-old K.C., earlier that year. Stout's first trial resulted in a conviction for Class A felony child molesting and a fifty-year sentence, which our supreme court affirmed on direct appeal. *Stout v. State*, 528 N.E.2d 476 (Ind. 1988). However, Stout subsequently filed a petition for post-conviction relief; we reversed the denial of the petition and remanded for a new trial. *Stout v. State*, 580 N.E.2d 676 (Ind. Ct. App. 1991).

Stout's attorney for his second trial, Mark Maynard, did not represent him during his first trial. Maynard retrieved Stout's case file, participated in discovery with the State, hired a private investigator, and filed a notice of intent to pursue an insanity defense. At one point, Stout filed a motion to remove Maynard as his attorney, but later he orally withdrew this motion before the trial court. The doctors appointed to examine Stout in light of his proposed insanity defense confirmed that Stout suffered from post-traumatic stress

disorder ("PTSD") related to his service in Vietnam; the doctors also found that Stout had pedophilia. At the outset of the trial, Stout insisted in open court that Maynard withdraw the insanity defense, against Maynard's advice. At trial, Maynard cross-examined K.C. regarding inconsistencies in statements she had given to various persons and inconsistencies in her testimony in the first trial. Maynard did the same with another niece who also claimed Stout had improperly touched her. Maynard lodged objections during trial, including to testimony by a counselor asked to address inconsistencies in K.C.'s statements and testimony. Stout testified on his behalf and admitted to molesting K.C., as well as several other children, but he denied threatening her with deadly force, as was required to support a Class A felony molesting conviction at the time of the offense. Maynard argued to the jury that it should only convict Stout of Class C felony child molesting.

[5] The jury found Stout guilty as charged. At sentencing, Maynard submitted extensive testimony and documentation of Stout's military service and PTSD diagnosis and argued that those factors warranted mitigating weight. Nevertheless, in light of Stout's admitted molestation of numerous children and criminal record of sex crimes against children, the trial court imposed the maximum sentence of fifty years. On appeal, Stout argued error in the admission of evidence of a prior rape of a cousin and other "depraved sexual instinct" evidence and in the counselor's testimony regarding K.C., that there was insufficient evidence to support his Class A felony conviction, that his sentence was cruel, unusual, and manifestly unreasonable, and that his

presentence report contained improper statements by the probation officer.  We rejected these arguments and affirmed.  *Stout v. State*, 612 N.E.2d 1076 (Ind. Ct. App. 1993), *trans. denied*.

[6]     In 2011, Stout filed a pro se PCR petition and declined representation by the State Public Defender's Office.[1]  Stout asserted several grounds upon which Maynard's assistance allegedly was ineffective.  He claimed Maynard "failed to investigate or hold a deposition on the States' witnesses, [did not] put a defense together, and he only used evidence provided by the state without question or proof of fact."  App. p. 15.  He also alleged Maynard failed to object to vouching testimony and to present supposed evidence that K.C. was an incompetent witness who had recently attempted to kill herself, her husband, and her child at the time of trial.  He claimed Maynard failed to call witnesses who had been subpoenaed to trial to testify on his behalf.  Stout further asserted that Maynard failed to present evidence of his military service and PTSD.  He also raised independent claims that his sentence violated *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

[7]     By the time of the hearing on Stout's PCR petition on October 20, 2014, he had been released from the Department of Correction, having served his sentence.  Stout did not present any testimony at the hearing, but rather simply read from

---

[1] Originally, the post-conviction court treated this petition as a successive PCR petition and dismissed it because Stout had not obtained permission from this court to file a successive PCR petition.  Upon request by Stout, however, this court determined that Stout's petition should not be treated as a successive petition and remanded to the post-conviction court for further proceedings.

his PCR petition. Maynard was not subpoenaed to appear at the hearing.[2]

Stout was permitted to submit several affidavits or letters in support of his PCR petition, most of which were twenty years old. Several of the documents accused Maynard of being intoxicated during Stout's trial; however, the trial court had addressed those claims before sentencing and stated that it had not observed any signs that Maynard had been intoxicated. An affidavit from Stout's mother, Alpha Harlow, related allegations regarding K.C.'s mental health and troubled background, including that K.C. and her husband had tried to commit suicide before Stout's second trial. A letter written by Stout's stepfather, Clarence Harlow, stated that he had been subpoenaed to testify at trial but was not called. A letter written by a Barbara Howard claimed she could have testified as a "rebutle [sic] witness" and "could have testified against one of the witness [sic] that the State called which would have ruined her credibility, and I could have testified to the fact that, although Randy Cornell said I was violated by the defendant, I was never violated by the defendant." Ex. F. Randy Cornell did not testify at Stout's second trial. Howard's letter also related that her aunt, Ruth Nevin, had come to her house demanding that Howard give her some evidence related to the case, and attempting to persuade Howard that "we should do all what [sic] we could to keep Stout" in jail. *Id.* Nevin likewise did not testify at Stout's second trial.

---

[2] The Indiana Roll of Attorneys indicates that Maynard is still practicing law.

Although the State had asserted in its response to Stout's PCR petition that it may assert laches as a defense, it did not present any evidence on that defense at the PCR hearing. On August 13, 2015, the post-conviction court denied Stout's PCR petition. Stout was appointed counsel to pursue an appeal from this denial.

## Analysis

A post-conviction relief petitioner bears the burden of proving grounds for relief by a preponderance of the evidence. *Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014). A petitioner appealing the denial of post-conviction relief is in the position of appealing from a negative judgment. *Id.* at 269. "To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Id.* The post-conviction court here also entered findings of fact and conclusions of law, in accordance with Indiana Post-Conviction Rule 1(6). We do not defer to the post-conviction court's legal conclusions, but we will reverse its findings and judgment only upon a showing of clear error, which is error that leaves us with a definite and firm conviction that a mistake has been made. *Id.*

To establish a claim alleging violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish the two components set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Passwater v. State*, 989 N.E.2d 766, 770 (Ind. 2013). "First, a defendant must

show that counsel's performance was deficient." *Id.* Counsel's representation is deficient only if it fell below an objective standard of reasonableness and counsel made errors so serious that counsel was not functioning as "counsel" guaranteed to the defendant by the Sixth Amendment. *Id.* In analyzing an attorney's performance, we give deference to his or her choice of strategy and tactics. *Ward v. State*, 969 N.E.2d 46, 64 (Ind. 2012).

[11] "Second, a defendant must show that the deficient performance prejudiced the defense." *Passwater*, 989 N.E.2d at 770. To establish prejudice, a defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, meaning a trial that's result is reliable. *Id.* A defendant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

[12] On appeal, Stout contends that the letters or affidavits he submitted in support of his PCR petition demonstrate that Maynard failed to provide him an adequate defense because he did not challenge K.C.'s mental state or otherwise call witnesses who purportedly could have challenged the State's case. We note that Stout did not present Maynard's testimony at the PCR hearing. When a post-conviction relief petitioner claims ineffective assistance of counsel but fails to call available counsel to testify, it may be inferred that counsel would not have corroborated any claims of ineffective assistance. *Oberst v. State*, 935 N.E.2d 1250, 1254 (Ind. Ct. App. 2010), *trans. denied*.

[13] As the State suggests, any decision by Maynard to challenge K.C.'s credibility or competency to testify based on her mental health would have been a very dicey proposition that easily could have backfired on Stout. That is to say, especially with reference to K.C.'s alleged attempted suicide before the second trial, well after Stout's molestation of her, the jury may have inferred that Stout at least was partially to blame for her troubled mental state. Maynard may well have reasonably decided to avoid that topic entirely.

[14] As for other rebuttal evidence Stout suggests Maynard failed to present, Stout does not adequately explain how such evidence would have been relevant or useful in his second trial. For example, Howard stated in her letter that she could have attacked the credibility of one of the State's female witnesses, but fails to identify who that witness was. She also said that she could have rebutted Randy Cornell's claim that Stout had "violated" her, but Cornell did not testify at Stout's second trial. Ex. F. Likewise, Howard's discussion of her aunt, Ruth Nevin, has no apparent connection to any evidence presented at Stout's second trial, given that Nevin did not testify. Similarly, other vague references in the letters and affidavits to uncalled, potential "rebuttal" witnesses fail to explain exactly what they could have rebutted in the State's case. In sum, it is impossible to say how Stout was prejudiced by Maynard's failure to call these witnesses, let alone whether it was an unreasonable decision for Maynard not to call them.

[15] We also reject Stout's overall, more general claim that Maynard failed to investigate his case or provide an adequate defense. Maynard obtained funds

from the trial court to hire a private investigator. He attempted to pursue an insanity defense on Stout's behalf, but Stout insisted that the defense be withdrawn. Maynard clearly had familiarized himself with previous statements given by witnesses and conducted cross-examination based on those statements. Maynard objected to an instance of purported vouching by a counselor for K.C.'s testimony, which we reviewed on direct appeal. Ultimately, in light of the evidence against Stout, Maynard decided to pursue a defense strategy of attempting to persuade the jury to convict him of only a Class C instead of a Class A felony, based on Stout's own testimony admitting to the molestation of K.C. but denying he had threatened her with deadly force. Such a strategy is not necessarily unreasonable. *See Christian v. State*, 712 N.E.2d 4, 6 (Ind. Ct. App. 1999) (citing *Underwood v. Clark*, 939 F.2d 473, 474 (7th Cir. 1991)). Stout fails to explain why it was an unreasonable strategy in his case. Maynard's overall performance during trial was not deficient and did not prejudice Stout.

[16] Stout also challenges Maynard's performance in relation to his sentencing.[3] We observe that Stout has already served his sentence for this conviction and has been released from the Department of Correction. "Once 'sentence has been served, the issue of the validity of the sentence is rendered moot.'" *Lee v. State*, 816 N.E.2d 35, 40 n.2 (Ind. 2004) (quoting *Irwin v. State*, 744 N.E.2d 565, 568

---

[3] To the extent Stout raised independent claims in his PCR petition that his sentence was imposed in violation of *Blakely v. Washington*, those claims clearly are not available on collateral review, given that Stout's case was final long before *Blakely* was decided in 2004. *See, e.g.*, *Gutermuth v. State*, 868 N.E.2d 427 (Ind. 2007).

(Ind. Ct. App. 2001)). In any event, we cannot perceive how Maynard provided ineffective assistance with respect to Stout's sentence. Stout seems to suggest that Maynard failed to present mitigating evidence regarding Stout's military service and resulting PTSD, but, in fact, Maynard did thoroughly present such evidence and argued to the trial court that it was mitigating. Additionally, given Stout's extensive history of molesting children, both resulting in criminal convictions and not, the trial court's imposition of a maximum sentence was entirely justified, and Stout would not have been prejudiced, even if Maynard had failed to present mitigating evidence or could have been more thorough in presenting it. Stout has failed to establish that Maynard was ineffective with respect to sentencing.

## Conclusion

[17] Stout failed to establish that he received ineffective assistance of trial counsel; thus, the post-conviction court did not clearly err in denying his PCR petition. We affirm.

[18] Affirmed.

Vaidik, C.J., and Mathias, J., concur.