## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 28 2015, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Sergio A. Villanueva
Wabash Valley Correctional Facility
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sergio A. Villanueva,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

May 28, 2015

Court of Appeals Case No.
09A04-1408-PC-376

Appeal from the Cass Superior Court

The Honorable Richard A. Maughmer, Judge

Case No. 09D02-1103-PC-02

**Crone, Judge.**

# Case Summary

[1]     Sergio A. Villanueva appeals the postconviction court's denial of his amended petition for postconviction relief, in which he raised a claim of ineffective

assistance of counsel in plea negotiations and at sentencing. In this appeal, he also raises a freestanding sentencing claim and asserts that the postconviction court erred in denying his request to compel production of his attorney's case file. Finding that he failed to establish ineffective assistance of counsel and that he has waived review of his remaining claims, we affirm.

## Facts and Procedural History

[2] In August 2008, the State filed an eight-count information charging Villanueva with class C felony sexual misconduct with a minor, class D felony sexual battery, class D felony criminal confinement, three counts of class A misdemeanor contributing to the delinquency of a minor, class A misdemeanor resisting law enforcement, and class B misdemeanor battery. During the ensuing months, the State offered Villanueva plea agreements with determinate sentences of twenty-eight and thirty years. His public defender ("Counsel") later testified that Villanueva refused to take any plea offer with a set amount of time. Tr. at 12-13.

[3] In January 2010, the matter was re-docketed and an additional count was added: class A felony child molesting. Villanueva waived his right to a jury trial, and the matter was set for bench trial. The day before trial was scheduled to begin, Villanueva entered a plea agreement in which he pled guilty to class A felony child molesting in exchange for dismissal of the remaining eight counts. Sentencing was left to the trial court's discretion, and the plea agreement provided that Villanueva waived his right to appellate review of his sentence.

[4]     At the September 2010 guilty plea hearing, the trial court found a factual basis supporting Villanueva's plea and heard arguments concerning sentencing. Counsel raised as mitigators Villanueva's guilty plea, remorse, completion of past probation, and absence of prior felonies. The trial court sentenced Villanueva to fifty years in the Department of Correction, citing as mitigators Villanueva's guilty plea and remorse and as aggravators his criminal history, illegal immigrant status, use of alcohol to ply his victim, and the victim's age. Villanueva filed a direct appeal, which this Court dismissed on the State's motion.

[5]     In March 2011, Villanueva filed a petition for postconviction relief. In April 2013, the State public defender's office filed a petition to withdraw its appearance, and Villanueva proceeded pro se. He filed an amended petition in July 2013, alleging that Counsel rendered ineffective assistance in his handling of the plea offers and in his treatment of mitigators and aggravators during sentencing. He filed a motion to compel Counsel's production of his case file, which was denied. In May 2014, the postconviction court held a hearing, during which Counsel testified concerning his representation of Villanueva. The postconviction court issued an order denying Villanueva's amended petition, finding specifically that Counsel performed effectively and that Villanueva was not prejudiced. Villanueva now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

[6]    Villanueva contends that the postconviction court erred in denying his amended petition for postconviction relief. The petitioner in a postconviction proceeding "bears the burden of establishing grounds for relief by a preponderance of the evidence." Ind. Postconviction Rule 1(5); *Passwater v. State*, 989 N.E.2d 766, 770 (Ind. 2013). When issuing its decision to grant or deny relief, the postconviction court must make findings of fact and conclusions of law. Ind. Postconviction Rule 1(6). A petitioner who appeals the denial of his postconviction petition faces a rigorous standard of review. *Massey v. State*, 955 N.E.2d 247, 253 (Ind. 2011). In conducting our review, we neither reweigh evidence nor judge witness credibility; rather, we consider only the evidence and reasonable inferences most favorable to the judgment. *State v. Hollin*, 970 N.E.2d 147, 150 (Ind. 2012). "[A] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Passwater*, 989 N.E.2d at 770 (citation and quotation marks omitted). In other words, if a postconviction petitioner was denied relief in the proceedings below, he must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the one reached by the postconviction court. *Massey*, 955 N.E.2d at 253. Where, as here, the judge who presided over the guilty plea and sentencing is also the judge who presided over the postconviction proceedings, we have held that the judge is entitled to "greater than usual

deference." *Hinesley v. State*, 999 N.E.2d 975, 982 (Ind. Ct. App. 2013) (citation omitted), *trans. denied* (2014).

[7]     Postconviction relief does not offer the petitioner a super appeal; rather, subsequent collateral challenges must be based on grounds enumerated in the postconviction rules. *McKnight v. State*, 1 N.E.3d 193, 199 (Ind. Ct. App. 2013), *trans. denied* (2014). These rules limit the scope of relief to issues unknown or unavailable to the petitioner on direct appeal. *Id.* This means that issues that "were or could have been raised" on direct appeal are not available in postconviction proceedings. *Taylor v. State*, 780 N.E.2d 430, 432 (Ind. Ct. App. 2002), *trans. denied* (2003).

[8]     In this vein, we note Villanueva's attempt to raise as freestanding error the trial court's application of aggravators and mitigators during sentencing. This alleged error was not unknown to Villanueva at the time of his direct appeal, but it was unavailable based on the provision in his plea agreement specifically prohibiting the appeal of his sentence.[1] *See Creech v. State*, 887 N.E.2d 73, 74-75 (Ind. 2008) (holding that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement; he may nevertheless, in postconviction proceedings, challenge his guilty plea as coerced or unintelligent). Villanueva does not challenge the validity of the waiver clause in his plea agreement. The waiver clause precluded him from raising the issue on

---

[1] We agree with the sentencing court that it is unusual for an open plea agreement to contain a waiver of sentence clause. Petitioner's Ex. 7.

direct appeal, and he cites no authority for the proposition that he can raise sentencing errors as freestanding error in postconviction proceedings. Thus, he has waived review of this issue. *See* Ind. Appellate Rule 46(A)(8) (requiring that argument section of appellant's brief contain contentions supported by cogent reasoning and citations to authority). Notwithstanding, we will address the aspects of Villanueva's sentence that implicate his ineffective assistance claim.

[9] Villanueva maintains that he was denied his constitutional right to effective assistance of counsel. To prevail on an ineffective assistance claim, he must satisfy two components: he must demonstrate both deficient performance and prejudice resulting from it. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is "representation [that] fell below an objective standard of reasonableness, [where] counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Passwater*, 989 N.E.2d at 770. We assess counsel's performance based on facts that are known at the time and not through hindsight. *Shanabarger v. State*, 846 N.E.2d 702, 709 (Ind. Ct. App. 2006), *trans. denied*. Evidence of isolated poor strategy, inexperience, or bad tactics will not support an ineffective assistance claim; instead, we evaluate counsel's performance as a whole. *Flanders v. State*, 955 N.E.2d 732, 739 (Ind. Ct. App. 2011), *trans. denied* (2012). "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." *Ritchie v. State*, 875 N.E.2d 706, 714 (Ind. 2007). "*Strickland* does not guarantee perfect

representation, only a reasonably competent attorney." *Hinesley*, 999 N.E.2d at 983 (citation omitted).

[10] Villanueva contends that Counsel provided ineffective assistance in advising him to reject two plea offers containing fixed sentences of twenty-eight and thirty years and in subsequently allowing the trial court to impose a fifty-year term in the eventual open plea agreement. This argument fails in two respects. First, Counsel testified that he did not convince Villanueva not to take the plea offers and that Villanueva refused to accept any plea agreement with a fixed term. Tr. at 12-13. Moreover, after Villanueva rejected the first two plea agreements, the State filed an additional count – class A felony child molesting, which carried a sentencing range of twenty to fifty years. Ind. Code § 35-50-2-4. As such, the eight-count information, with the most serious offense being a class C felony, was re-docketed to include a total of nine counts, with the most serious offense being a class A felony. The fifty-year sentence is therefore attributable to the addition of the more serious charge, to which Villanueva pled guilty.

[11] Additionally, we find Villanueva's attempts to characterize Counsel as "provoking the State to add" the class A felony count to be self-serving deflections devoid of evidentiary support. Appellant's Br. at 10. The State added the count based on its determination that probable cause existed to charge Villanueva with class A felony child molesting. Villanueva admitted to the underlying facts supporting this count, namely, that he had sexual intercourse with his eleven-year-old victim while she was unconscious due to

the alcohol that he had furnished her.[2] He was aware that his conduct was more serious than described in the initial eight-count information, yet he declined the State's two plea offers for less serious offenses. In hindsight, he now would like a do-over but has failed to demonstrate that Counsel induced him to reject a plea offer that he otherwise would have accepted or induced him to accept an offer that he otherwise would have rejected.

[12] Moreover, with respect to the discretionary sentencing aspect of his plea agreement, Villanueva maintains that Counsel performed deficiently by failing to properly present mitigators and confront the State's proffered aggravators. The sentencing transcript shows that Counsel raised as mitigators Villanueva's guilty plea, his completion of past probation, the fact that his criminal history included only misdemeanors, and his written letter of remorse. Counsel spoke extensively concerning Villanueva's regret and concern for the harm that he had caused to the adolescent victim and her family. Counsel did not perform deficiently in presenting mitigators.

[13] Likewise, we are unpersuaded by Villanueva's argument that Counsel performed deficiently in failing to argue that the use of the victim's age as an aggravator amounted to an impermissible double enhancement. In 2005, when

---

[2] The record does not indicate whether the two previous plea offers involved dismissal of one or more of the eight counts. However, the record does indicate that the offenses alleged in the multi-count information involved more than one victim, possibly up to four. Petitioner's Ex. 8. As such, Villanueva's acceptance of one of those plea offers would not necessarily have precluded the State from filing the class A felony count due to double jeopardy concerns. If the State were not so precluded, Villanueva's overall sentence exposure would have increased.

the General Assembly eliminated fixed presumptive terms in favor of advisory sentences, it gave the trial courts discretion to impose any sentence within the statutory range, regardless of the presence or absence of aggravators or mitigators, so long as the trial court stated its reasons for finding any aggravators or mitigators. *Pedraza v. State*, 887 N.E.2d 77, 79-80 (Ind. 2008). As such, a sentence toward the high end of the range is no longer considered "enhanced." *Id*. at 80. Thus, under the new sentencing scheme, there is "no impermissible double enhancement where the trial court relies on the material element of a crime as an aggravating circumstance." *Gomillia v. State*, 13 N.E.3d 846, 852 (Ind. 2014). However, "[w]here a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is 'improper as a matter of law.'" *Id*. at 852-53.

[14] Here, the victim's age was one of several aggravators cited by the trial court at sentencing.[3] The victim was eleven, well below the threshold age for the offense, fourteen. Ind. Code § 35-42-4-3(a)(4) (2007). Not only was she very young, but she was also unconscious from the alcohol that Villanueva had provided her. Simply put, Villanueva pumped a young child full of alcohol and then raped her behind locked doors as she lay blacked out and helpless. Under

---

[3] The trial court also cited Villanueva's criminal history, illegal immigrant status, and use of alcohol to ply his victim.

these circumstances, Counsel cannot be said to have performed deficiently for not challenging the victim's age as a proffered aggravator, especially in light of a deal that promised dismissal of eight remaining counts against his client.

[15] In sum, Villanueva has failed to overcome the presumption that Counsel provided effective assistance with respect to his plea agreement and sentencing and has waived his remaining claims.[4] As such, we find no clear error in the postconviction court's denial of his petition for postconviction relief. Accordingly, we affirm.

[16] Affirmed.

Brown, J., and Pyle, J., concur.

---

[4] As for Villanueva's claim that the trial court abused its discretion in denying his request to compel Counsel to produce his case file for use during the postconviction hearing, we conclude that he waived review of this issue by failing to present a cogent argument with any citation to authority. *See* Ind. Appellate Rule 46(A)(8) (requiring that argument section of appellant's brief contain contentions supported by cogent reasoning and citations to authorities, statutes, and the appendix/record). *See also Smith v. State*, 822 N.E.2d 193, 203 (Ind. Ct. App. 2005) ("pro se litigants are held to the same standard regarding rule compliance as are attorneys duly admitted to the practice of law and must comply with the appellate rules to have their appeal determined on the merits."), *trans. denied*.