ATTORNEYS FOR APPELLANT
Stephen T. Owens
Public Defender of Indiana

Richard Denning
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Andrew R. Falk
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 28 2013, 11:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 48S05-1210-PC-583

BRAD W. PASSWATER,

*Appellant (Respondent below),*

v.

STATE OF INDIANA,

*Appellee (Petitioner below).*

Appeal from the Madison Circuit Court, No. 48D03-0704-PC-86
The Honorable Rudolph R. Pyle, III, Special Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 48A05-1201-PC-17

**June 28, 2013**

**Rucker, Justice.**

After being charged with the murder of his mother, Brad W. Passwater was found guilty but mentally ill and sentenced to an executed term of years. He filed a petition for post-conviction relief alleging ineffective assistance of trial counsel for, among other things, counsel's failure to object to the trial court's instruction on the penal consequences of not responsible by reason of insanity and guilty but mentally ill. The post-conviction court denied relief. We affirm.

**Facts and Procedural History**

On October 26, 2002, Passwater struck his mother in the head twice with a frying pan and then stabbed her in the head with a knife. A few days later, the State charged Passwater with murder. On November 25, 2003, Passwater filed a notice of intent to present an insanity defense. The trial court appointed a psychiatrist, Dr. Susan Anderson, and a psychologist, Dr. Frank Krause, to make a determination concerning Passwater's current competency and to evaluate his mental health. See Ind. Code § 35-36-3-1. Following a Competency Hearing the trial court concluded that Passwater was competent to stand trial.

The trial began in August 2004. During *voir dire* there was extended dialogue between the prospective jurors and the attorneys regarding the insanity defense. Several jurors expressed concerns that the defense was overused. One juror questioned whether a defendant who was mentally challenged would actually receive the treatment he needed before returning to society. Another juror opined that defendants who used the insanity defense "get a slap on the hand." Voir Dire Tr. at 118.

During trial the healthcare professionals presented conflicting testimony regarding Passwater's mental health. The defense offered Dr. George Parker who testified that Passwater suffered from paranoid schizophrenia, experienced a schizophrenic episode at the time of the offense, and lacked the ability to "appreciate the wrongfulness of his behavior." Tr. at 472. The court's first expert witness, Dr. Anderson, testified that she was unable to offer an opinion concerning Passwater's sanity at the time of the offense in part because Passwater refused to cooperate with her evaluation. The court's second expert, Dr. Krause, testified that he had an

2

adequate opportunity to evaluate Passwater and make a determination as to his state of mind. According to Dr. Krause, Passwater experienced some mental health issues but he was nonetheless able to appreciate the wrongfulness of his actions at the time of the offense. Various lay witnesses testified about Passwater's calm and deliberate demeanor shortly before and after he struck his mother.

At the close of evidence, defense counsel requested a jury instruction on the penal consequences of guilty but mentally ill and not responsible by reason of insanity verdicts. He specifically requested a pattern jury instruction apparently used in the state of California. The trial court rejected the tendered instruction because it was inconsistent with Indiana law and instead gave an instruction proposed by the State and approved of by this Court in Georgopulos v. State, 735 N.E.2d 1138, 1143 n.3 (Ind. 2000). Defense counsel did not object to the State's tendered instruction. After deliberation, the jury returned a verdict of guilty but mentally ill. The trial court sentenced Passwater to an executed term of sixty years in the Department of Correction. On review the Court of Appeals affirmed the conviction but remanded the cause for resentencing at which time the trial court entered a sentence of fifty-five years in accordance with Indiana Code section 35-50-2-3 (2002), that was in effect at the time of Passwater's crime and sentencing. See Passwater v. State, No. 48A02-0501-CR-50 (Ind. Ct. App. Dec. 28, 2005).

Thereafter on April 17, 2007 Passwater filed a pro se petition for post-conviction relief that was later amended by counsel on August 27, 2010. As amended the petition essentially alleged that trial counsel rendered ineffective assistance for (1) failing to object to the trial court's tendered instruction on the penal consequences of verdicts for not guilty by reason of insanity and guilty but mentally ill; (2) failing to provide information that had been requested before trial by one of the mental health professionals appointed to examine Passwater; and (3) failing to rebut the State's argument at sentencing that Passwater had been malingering.

The post-conviction court denied Passwater's request for relief and Passwater appealed raising the same claims he raised before the post-conviction court. In an unpublished memorandum decision the Court of Appeals rejected each of Passwater's claims and affirmed the post-conviction court's judgment. See Passwater v. State, No. 48A05-1201-PC-17 (Ind. Ct.

3

App. July 25, 2012). Seeking transfer Passwater challenges only the disposition of his jury instruction claim. Specifically, Passwater acknowledges the Court of Appeals resolved this claim consistent with this Court's Georgopulos opinion, but contends "that precedent is in need of reconsideration." Pet. to Trans. at i. Having previously granted transfer thereby vacating the decision of the Court of Appeals, see Appellate Rule 58(A), we now address Passwater's jury instruction claim. We summarily affirm that portion of the Court of Appeals' decision concerning Passwater's remaining claims. Additional facts are set forth below as necessary.

## Standard of Review for Post-Conviction Proceedings

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). When appealing the denial of post-conviction relief, Petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 679. To prevail from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Weatherford v. State, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted).

## Standard of Review for Ineffective Assistance of Counsel

To establish a post-conviction claim alleging violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish the two components set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Williams v. Taylor, 529 U.S. 362, 390 (2000). First, a defendant must show that counsel's performance was deficient. Strickland, 466 U.S. at 687. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that counsel made errors so serious that counsel was not

4

functioning as "counsel" guaranteed to the defendant by the Sixth Amendment. Id. Second, a defendant must show that the deficient performance prejudiced the defense. Id. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, meaning a trial whose result is reliable. Id. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id. Further, when a petitioner contends that counsel was ineffective for failing to mount an objection at trial, in order to show prejudice petitioner must prove that the trial court would have sustained the objection. Lowery v. State, 640 N.E.2d 1031, 1042 (Ind. 1994). Absent such a showing, the petitioner cannot satisfy the second prong of Strickland and thus may not prevail on his ineffective assistance claim. Id.

**Discussion**

As a general proposition a jury may not be instructed on specific penal ramifications of its verdicts. See Schweitzer v. State, 552 N.E.2d 454, 457 (Ind. 1990). However, acknowledging the "potential for confusion in cases where the jury is faced with the option of finding a defendant not responsible by reason of insanity or guilty but mentally ill" this Court determined that when such options are before a jury "and the defendant requests a jury instruction on the penal consequences of these verdicts, the trial court is *required* to give an appropriate instruction or instructions as the case may be." Georgopulos, 735 N.E.2d at 1143 (emphasis added) (footnote omitted). The Court then declared "[a]lthough not binding, the trial court may consider the following as appropriate instructions:" Id. at n.3,

> Whenever a defendant is found guilty but mentally ill at the time of the crime, the court shall sentence the defendant in the same manner as a defendant found guilty of the offense. At the Department of Correction, the defendant found guilty but mentally ill shall be further evaluated and treated as is psychiatrically indicated for his illness.

Id. (citing I.C. § 35-36-2-5).

> Whenever a defendant is found not responsible by reason of insanity at the time of the crime, the prosecuting attorney shall file a written petition for mental health commitment with the court. The court shall hold a mental health commitment hearing at the earliest opportunity after the finding of not responsible by reason of insanity at the time of the crime, and the defendant shall be detained in custody until the completion of the hearing. If, upon the completion of the hearing, the court finds that the defendant is mentally ill and either dangerous or gravely disabled, then the court may order the defendant to be committed to an appropriate facility, or enter an outpatient treatment program of not more than ninety (90) days.

Id. (citing I.C. §§ 35-36-2-4; 12-26-6-8).

In this case, noting the apparent confusion displayed by some jurors during *voir dire*, defense counsel requested an instruction on the penal consequences of guilty but mentally ill and not responsible by reason of insanity. As a consequence the trial court gave the precise instruction this Court approved as "appropriate" in Georgopulos. On appeal from the denial of his petition for post-conviction relief, Passwater insists that trial counsel rendered ineffective assistance for failing to object to the instruction. More specifically Passwater takes issue with that portion of the instruction suggesting that he could be "committed to an out-patient treatment facility for a period of not more than ninety (90) days." Br. of Appellant at 1. Acknowledging the instruction represents a correct statement of the law, Passwater contends the instruction was nonetheless misleading because he "would have been hospitalized in a secure facility for years. [Because] [t]here was no chance that [he] would have been treated in an outpatient treatment program after a commitment hearing." Br. of Appellant at 13.

We make two observations. First, as the Court explained in Georgopulos, when a defendant so requests the trial court is required to provide an appropriate instruction or instructions on the penal consequences of verdicts of guilty but mentally ill and not guilty by reason of insanity, Georgopulos, 735 N.E.2d at 1143, not solely the consequence that the defendant believes is the most likely outcome of a commitment hearing. Here, there was testimony presented at the post-conviction hearing that Passwater would not have been treated in an outpatient facility. However no such testimony was presented at trial. Hence there was no

particular reason to believe that the instruction given by the trial court was misleading. Second, and more importantly, in order to prevail on a claim of ineffective assistance due to the failure to object, the defendant must show a reasonable probability that the objection would have been sustained if made. Wrinkles v. State, 749 N.E.2d 1179, 1192 (Ind. 2001). On this point Passwater has not carried his burden. It bears repeating (i) the trial court was required to give an appropriate instruction at defense counsel's request, (ii) the instruction at issue was and is a correct statement of the law, and (iii) the instruction is one which this Court declared "appropriate" where the verdicts faced by the jury are guilty but mentally ill and not responsible by reason of insanity. Passwater does not explain how trial counsel can be said to have rendered ineffective assistance for failing to object to an instruction this Court specifically endorsed. See, e.g., Warren v. State, 725 N.E.2d 828, 834 (Ind. 2000) (rejecting claim that trial court abused its discretion by giving a jury instruction "which this Court authorized and recommended"). Further, the post-conviction court found, and Passwater does not contest, "the trial court had intended to give the Georgopulos instruction before the State proposed it, which indicates that the trial court would not have sustained defense counsel's objection had he made it." Appellant's App. at 61. Failing to prove the trial court would have sustained his objection, Passwater has not satisfied the prejudice prong of Strickland and therefore cannot prevail on his ineffective assistance claim.

Notwithstanding, we accept Passwater's invitation to reconsider the Georgopulos instruction. Several statutes control the disposition of a defendant found guilty but mentally ill or not responsible by reason of insanity. With respect to the former, the relevant statute provides in pertinent part:

> whenever a defendant is found guilty but mentally ill at the time of the crime or enters a plea to that effect that is accepted by the court, the court shall sentence the defendant in the same manner as a defendant found guilty of the offense. . . . If a defendant who is found guilty but mentally ill at the time of the crime is committed to the department of correction, the defendant shall be further evaluated and then treated in such a manner as is psychiatrically indicated for the defendant's mental illness.

7

I.C. § 35-36-2-5 (a), (c). The first portion of the Georgopulos instruction essentially tracks the language of the statute. As for the latter, a number of statutory provisions come into play. In summary the statutes provide: (1) there will be a mental health commitment hearing after the finding of not responsible by reason of insanity and the defendant will remain in custody throughout the duration of the hearing, see I.C. §§ 12-26-6-4; 12-26-7-4; 35-36-2-4; (2) if the defendant is found to be mentally ill at the conclusion of the hearing the court may either require the defendant to enter an outpatient treatment program or order the defendant to a regular commitment at an appropriate mental health facility—depending on the severity of defendant's mental illness, see I.C. §§ 12-26-6-1; 12-26-6-8; 12-26-14-1; 12-26-14-7; (3) a defendant who is ordered to enter an outpatient treatment program on a temporary 90-day basis must be assessed by the attending physician or superintendent of the treatment program during the 90 days, see I.C. § 12-26-6-11; (4) if a person originally ordered to serve a temporary outpatient commitment period continues to suffer from mental illness, the court must conduct another commitment hearing before the 90 days expires to determine whether a second temporary commitment period in outpatient therapy or regular commitment to a mental health facility is appropriate, see I.C. §§ 12-26-6-8; 12-26-6-10; 12-26-7-4; and (5) an individual ordered to a regular commitment will not be released until the attending physician or superintendent determines that they are no longer mentally ill and either dangerous or gravely disabled or so ordered by the court. See I.C. §§ 12-26-6-9; 12-26-7-5; 12-26-12-7.

Obviously not all of the foregoing provisions are appropriate for a jury instruction. Consequently the second part of the Georgopulos instruction endeavored to synthesize those portions of the statute relevant for a jury's consideration in order to avoid confusion in cases where the jury is faced with the option of finding a defendant not responsible by reason of insanity or guilty but mentally ill. However, that does not mean to say that the instruction is flawless. Although not used by the trial court in this case, at least one attempt to suggest an improved instruction is found in Indiana Pattern Jury Instruction 11.20.[1] Titled "Consequences of Not Guilty By Reason of Insanity or Guilty But Mentally Ill Verdicts" the instruction provides:

---

[1] The Indiana Pattern Jury Instructions are prepared under the auspices of the Indiana Judges Association and the Indiana Judicial Conference Criminal and Civil Instruction Committees. Although not formally approved for use, they are tacitly recognized by Indiana Trial Rule 51(E).

> If the Defendant is found guilty but mentally ill at the time of the crime, the court will sentence the Defendant in the same manner as a Defendant found guilty of the offense. The Defendant will then be further evaluated and treated as is psychiatrically indicated for his illness.
>
> If the Defendant is found not responsible by reason of insanity at the time of the crime, the prosecuting attorney will file a petition for mental health commitment with the court. The court will hold a mental health commitment hearing at the earliest opportunity. The Defendant will be detained in custody until the completion of the hearing. If the court finds that the Defendant is mentally ill and either dangerous or gravely disabled, then the court may order the Defendant to be either placed in an outpatient treatment program of not more than ninety (90) days, or committed to an appropriate mental health facility until a court determines commitment is no longer needed.

Indiana Pattern Jury Instructions – Criminal 11.20 (2013). We are of the view that the Pattern Instruction represents an improvement over the instruction this Court found appropriate in Georgopulos and thus endorse and approve its use.

### Conclusion

We affirm the judgment of the post-conviction court.

Dickson, C.J., and David, Massa and Rush, JJ., concur.