## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 10 2018, 7:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Daniel P. Brewington
Dublin, Ohio

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Stephen R. Creason
Chief Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel P. Brewington,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

July 10, 2018

Court of Appeals Case No.
15A04-1712-PC-2889

Appeal from the Dearborn
Superior Court

The Honorable W. Gregory Coy,
Special Judge

Trial Court Cause No.
15D02-1702-PC-3

**Crone, Judge.**

# Case Summary

A jury convicted Daniel Brewington of class D felony intimidation, class D felony attempted obstruction of justice, class D felony perjury, and two class A misdemeanor counts of intimidation, all stemming from his threats against the trial judge, the judge's wife, and a psychologist involved in his marital dissolution. His convictions were ultimately affirmed on direct appeal. He filed a pro se petition for post-conviction relief ("PCR") and now appeals, pro se, the post-conviction court's summary denial of that petition. He raises several issues, including judicial bias, prosecutorial and judicial misconduct, ineffective assistance of trial and appellate counsel, and error in denying his PCR petition without a hearing. Because we find that the post-conviction court erred in summarily denying his PCR petition, we need not address the remaining issues. As such, we reverse and remand for a hearing on his PCR petition.

# Fact and Procedural History

The underlying facts are as follows:[1] Around 2007, when Brewington was involved in a contentious child-custody battle, he began a protracted campaign against the trial judge and the psychologist appointed as custody evaluator in his case. Having received an unfavorable report from the psychologist concerning his mental health and potential for successful parenting, he

---

[1] For a more in-depth recitation of the underlying facts, as summarized by our supreme court on transfer of his direct appeal, see *Brewington v. State*, 7 N.E.3d 946, 955-58 (Ind. 2014), *cert. denied* (2015).

repeatedly barraged the psychologist and judge with faxes and pro se motions, posted accusatory materials about both of them online, and threatened them with lawsuits and professional discipline. The trial judge eventually recused himself, and a special judge was appointed. At his final divorce hearing, Brewington engaged in volatile, angry outbursts that required the services of an additional law enforcement officer. He also attempted to intimidate his wife's counsel. Meanwhile, he continued to post information online referencing his divorce with terms such as gas and fire and himself as a pyromaniac. His rhetoric escalated after the divorce, and he posted the trial judge's home address online and made remarks so intimidating that the judge's wife had to have a police escort to go to work. He also posted personal information and photographs of the psychologist and suggested that he might be a pervert. Brewington's actions prompted both the judge and the psychologist to take protective measures for themselves and their families.

[3]     A grand jury indicted Brewington on six counts: class D felony intimidation (of the trial judge), class D felony attempted obstruction of justice, class D felony perjury before the grand jury, two counts of class A misdemeanor intimidation (of the judge's wife and the psychologist); and class B misdemeanor unlawful disclosure of grand jury proceedings. A jury acquitted him on the class B misdemeanor disclosure count and convicted him on the remaining counts. Brewington appealed, raising several issues including sufficiency of the evidence, ineffective assistance of trial counsel, and a double jeopardy challenge. Another panel of this Court affirmed his three felony convictions

and reversed his two misdemeanor convictions. Our supreme court accepted transfer and affirmed Brewington's convictions on all five counts.

[4] Brewington filed a pro se petition for post-conviction relief, raising twenty claims, including unlawful alteration of the grand jury transcripts and audio by the trial court, judicial and prosecutorial misconduct associated with the grand jury proceedings and his jury trial, violation of his free speech rights, ineffective assistance of counsel, and judicial bias by the trial and post-conviction courts. He filed a motion for change of judge, and a special judge was appointed. He filed a motion for summary judgment and a supporting memorandum. The State filed a response and an opposing memorandum, claiming that summary judgment is not available in PCR actions but that summary disposition was available pursuant to Indiana Post-Conviction Rule 1(4)(g). Brewington filed his reply and moved to strike certain portions of the State's materials. The post-conviction court dispensed with a hearing and issued an order summarily denying Brewington's motion to strike, motion for summary judgment, and PCR petition. Brewington filed a motion to correct error, which the court also denied. Brewington now appeals, claiming that the post-conviction court demonstrated bias against him and erred in summarily denied his PCR petition.

## Discussion and Decision

[5] Brewington contends that the post-conviction court erred in summarily denying his PCR petition. Post-conviction relief does not offer the petitioner a super appeal; rather, subsequent collateral challenges must be based on grounds enumerated in the post-conviction rules. *McKnight v. State*, 1 N.E.3d 193, 199

(Ind. Ct. App. 2013), *trans. denied* (2014). These rules limit the scope of relief to issues unknown or unavailable to the petitioner on direct appeal. *Id*. The petitioner in a post-conviction proceeding "bears the burden of establishing grounds for relief by a preponderance of the evidence." Ind. Post-Conviction Rule 1(5); *Passwater v. State*, 989 N.E.2d 766, 770 (Ind. 2013). When issuing its decision to grant or deny relief, the post-conviction court must make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. Ind. Post-Conviction Rule 1(6).

[6] As a preliminary matter, we note that Brewington has chosen to proceed pro se, both below and in this appeal. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016). This means that they must follow our established rules of procedure and accept the consequences when they fail to do so. *Id*. It is not the court's role to become an "advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Id*.

[7] Brewington contends that the post-conviction court erred in summarily disposing of his PCR action. Ordinarily, a petitioner who appeals the denial of his post-conviction petition faces a rigorous standard of review, that of demonstrating that the post-conviction court's decision was clearly erroneous. *Massey v. State*, 955 N.E.2d 247, 253 (Ind. 2011). Here, however, the post-conviction court entered a summary disposition denying Brewington's PCR petition. Indiana Post-Conviction Rule 1(4)(g) reads:

The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

[8] "[W]hen a court disposes of a petition under subsection (g), we review the lower court's decision as we would a motion for summary judgment." *Binkley v. State*, 993 N.E.2d 645, 650 (Ind. Ct. App. 2013). Like summary judgment, we review a summary disposition de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). In conducting our review, we consider only those matters that were designated at the summary judgment stage. *Haegert v. McMullan*, 953 N.E.2d 1223, 1229 (Ind. Ct. App. 2011). A trial court's grant of summary judgment arrives on appeal clothed with a presumption of validity. *Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009). We may affirm on any legal basis supported by the designated evidence. *Harness v. Schmitt*, 924 N.E.2d 162, 165 (Ind. Ct. App. 2010).

[9] Here, Brewington filed a motion for summary judgment, essentially asking the post-conviction court to dispense with a hearing and find in his favor as a matter of law. The State filed a memorandum in opposition to Brewington's summary judgment motion that concluded as follows:

> It is plain to see from the evidence provided that issues of material fact exist which necessitate a hearing on Brewington's Petition, and that Brewington's Motion for Summary Judgment therefore fails. Similarly, because this Motion is required to be made under Ind. R. P. Post-Conviction Remedies 4(g) as opposed to Ind. R. Trial P. 56, the State must only show, and has raised, an issue of material fact.

Appellant's App. Vol. 3 at 10-11.

[10] In his PCR petition, Brewington raised twenty allegations of error, including ineffective assistance of trial and appellate counsel and freestanding claims of error, all of which centered around judicial bias, prosecutorial and judicial misconduct surrounding the grand jury proceedings, and an alleged conspiracy against him. In its order summarily denying Brewington's PCR petition, the post-conviction court found that pursuant to Post-Conviction Rule 1(4)(g),[2] it could grant a motion for summary disposition where the pleadings and responses, motions, and responses show that there is no genuine issue of material fact. The court found, in relevant part,

> 13. Brewington alleges that various parties involved in his prosecution acted conspiratorially, this is, they acted together to alter grand jury transcripts; that the special judge and the prosecutors committed various acts of misconduct; that he was denied effective assistance of counsel, that the trial judge was not

---

[2] To the extent that there is confusion as to whether the post-conviction court entered summary disposition pursuant to subsection (g) as opposed to subsection (f), which provides that the court may deny a petition without further proceedings "[i]f the pleadings conclusively show that petitioner is entitled to no relief," we note that the court specifically cited subsection (g) in its order and made no reference to subsection (f). Appellant's App. Vol. 2 at 11.

impartial, and that his appellate counsel was also ineffective.

….

16. There is no factual basis to support any of Brewington's claims and/or allegations against the judges and attorneys involved in his case.

17. There is no need for a hearing.

18. Even though the State did not move for summary judgment, based on the undersigned judge's reading of the pleadings and [Brewington's appellate cases],[3] judgment should be entered without a hearing.

19. Brewington's petition should be denied.

Appellant's App. Vol. 2 at 11-12.

[11] In conducting our de novo review of the court's summary denial of Brewington's petition, we find that we have a vacuum of information. The post-conviction court's findings do not specifically address each of Brewington's allegations, and the parties' memoranda for and against summary judgment leave us with more questions than answers concerning the viability and merit of his various claims. Absent a developed factual record, we cannot adequately review the merits or even discern which of his claims remain viable as "unknown or unavailable on direct appeal," *McKnight*, 1 N.E.3d at 199, and

---

[3] *Brewington v. State*, 7 N.E.3d 946 (Ind. 2014), *cert. denied* (2015); *Brewington v. State*, 981 N.E.2d 585 (Ind. Ct. App. 2013), *aff'd in part, vac. in part* (2014).

which are subject to waiver, res judicata, or other procedural default. *See Timberlake v. State*, 753 N.E.2d 591, 597-98 (Ind. 2001) ("As a general rule, most free-standing claims of error are not available in a post-conviction proceeding because of the doctrines of waiver and res judicata."), *cert. denied* (2002). *See also Brewington*, 7 N.E.3d at 978 ("Raising ineffectiveness [of counsel] on direct appeal without the benefit of an additional postconviction record is permissible, but the issue becomes res judicata and therefore unavailable for collateral review."); *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006) (PCR petitioner cannot escape effect of claim preclusion by re-designating or re-packaging claim). We therefore reverse the summary denial of Brewington's PCR petition and remand for a factfinding hearing and a decision on the merits of any claims that remain viable.

[12] Reversed and remanded.

Bailey, J., and Brown, J., concur.