**FILED**

Sep 27 2018, 7:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph B. Fernanders, III, *Appellant-Defendant,* | September 27, 2018 |
| | Court of Appeals Case No. 18A-CR-812 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable John F. Surbeck, Jr., Judge |
| | Trial Court Cause No. 02D06-1706-F6-749 |

**Bailey, Judge.**

# Case Summary

Following a jury trial, Joseph B. Fernanders, III ("Fernanders"), was convicted of Battery, as a Level 6 felony.[1]  He now appeals.

We affirm.

# Issues

Fernanders raises two issues, which we restate as follows:

    I.      Whether the State presented sufficient evidence to refute his defense of parental privilege to discipline his child; and

    II.     Whether he received ineffective assistance of counsel due to counsel's failure to timely disclose certain witnesses.

# Facts and Procedural History

In early 2017, A.F. was six years old.  Her first-grade teacher used a "color chart" system to keep track of student behavior.  Under the system, each student's name was on a clip.  Every day, the student started with the clip on "green."  For good behavior, the student could move up to "blue" or "purple." If the student received a warning, the student would move to "yellow."  If the student continued to misbehave, the student might move to "orange" for a visit

---

[1] Ind. Code § 35-42-2-1(c)(1), -1(e)(3).

to the office or "red" for a phone call home. At the end of the day, the teacher would record the student's color status on a paper that the student took home.

[5] Fernanders is A.F.'s father. Under an early-2017 arrangement, Fernanders and his ex-wife, Cassandra Ort ("Ort"), shared physical custody of A.F. and her older sister, R.F. On February 8, 2017, the girls stayed with Fernanders after school. Fernanders found out that A.F. was marked "yellow" that day for talking out of turn. A.F. received the warning for shouting an answer before the teacher had called on her. This was A.F.'s third "yellow," and she had received previous warnings for similar behavior. Fernanders told A.F. to go upstairs, which she did. A.F. then prepared to be punished, pulling her pants and underwear down, and leaning over a bed. Fernanders spanked A.F. on her buttocks multiple times with a belt. Afterward, he told A.F. to clean her room. Downstairs, R.F.—eight years old at the time—had heard A.F. screaming for a long time. R.F. noticed that A.F. seemed to limp when she came downstairs.

[6] Although A.F. usually slept on her back, she spent that night "going . . . side to side" because "it was hurting." Tr. Vol. II at 115-16. The next morning, A.F. was still in pain, and was moving "back and forth a little bit" as she sat on the school bus to school. *Id.* at 116. After school that day, A.F. and R.F. went to Ort's residence. When A.F. bathed that evening and R.F. came in to give her a towel, R.F. froze when she saw bruises on A.F.'s buttocks and leg. R.F. summoned Ort, who took pictures of the bruising and called the police.

[7] The State charged Fernanders with Battery and Domestic Battery[2] as Level 6 felonies. A jury trial was held on February 8, 2018, at which Fernanders admitted to spanking A.F., but claimed a privilege to discipline A.F. At trial, Fernanders sought to elicit testimony from two of his children "as it relates to discipline, that's it, no additional questions other than that." *Id.* at 182. The State objected because Fernanders had not timely disclosed the witnesses and because there was "no indication that these other children were present at the time" of the spanking. *Id.* The trial court ultimately excluded the testimony. Later, the jury found Fernanders guilty of Battery and not guilty of Domestic Battery. The court imposed a two-year sentence, fully suspended to probation.

[8] Fernanders now appeals.

# Discussion and Decision

## Parental Discipline

[9] To obtain the instant conviction of Battery, the State was obligated to prove that Fernanders knowingly or intentionally touched A.F. in a rude, insolent, or angry manner when Fernanders was over the age of eighteen and A.F. was under the age of fourteen. *See* I.C. 35-42-2-1(c)(1), -1(e)(3). Fernanders does

---

[2] I.C. § 35-42-2-1.3.

not dispute that there is sufficient evidence supporting these statutory elements. Rather, he argues that the State failed to refute his defense of parental privilege.

[10] Under Indiana Code Section 35-41-3-1, "[a] person is justified in engaging in conduct otherwise prohibited if he has legal authority to do so." Moreover, a parent has legal authority—sometimes referred to as the "parental discipline privilege"—to "apply such reasonable force" upon his child as the parent "reasonably believes to be necessary for . . . proper control, training, or education." *Willis v. State*, 888 N.E.2d 177, 182 (Ind. 2008) (quotation marks omitted) (adopting the Restatement (Second) of Torts § 147 (Am. Law Inst. 1965)). When a defendant claims this privilege, "the State must disprove at least one element of the defense beyond a reasonable doubt." *Id.* Thus, "the State must prove that either: (1) the force the parent used was unreasonable or (2) the parent's belief that such force was necessary to control [the] child and prevent misconduct was unreasonable." *Id.* The State may refute the defense "by direct rebuttal or by relying upon the sufficiency of the evidence in its case-in-chief." *Id.* Ultimately, "[t]he decision of whether a claim of parental privilege has been disproved is entrusted to the fact-finder." *Id.*

[11] Where—as here—the defendant alleges that the State failed to refute his claim of parental privilege, we apply "the same . . . standard [as] for any sufficiency claim." *Id.* at 182-83. That is, "we look only at the probative evidence and reasonable inferences supporting the verdict" and "[w]e do not assess the credibility of witnesses or reweigh the evidence." *Love v. State*, 73 N.E.3d 693,

696 (Ind. 2017). "Unless no reasonable factfinder could find the defendant guilty, we affirm." *Jones v. State*, 87 N.E.3d 450, 454 (Ind. 2017).

[12] Fernanders spanked A.F. on her bare buttocks with a belt, multiple times, with sufficient force to leave large bruises and to cause A.F. to limp afterward. In the hours after the spanking, A.F. had difficulty sleeping on her back and sitting on the school bus. Fernanders spanked A.F. because she volunteered an answer in class before her first-grade teacher called on her, and because A.F. had spoken out of turn on prior occasions at school. On appeal, Fernanders argues that it was reasonable for him to spank A.F., and asserts that the "spanking was nothing more than a progressive response to a continuing behavior problem demonstrated by the child." Appellant's Br. at 14. However, in evaluating the reasonableness of the discipline, the jury is free to consider factors such as the age of the child, the nature of the disobedience, and whether the use of force is disproportionate to the "offense." *Willis*, 888 N.E.2d at 182. Ultimately, the evidence supports a reasonable conclusion that Fernanders used an unreasonable amount of force when disciplining six-year-old A.F. for her misbehavior. Thus, we conclude that the State presented sufficient evidence to refute the defense of parental privilege.

## Ineffective Assistance of Counsel

[13] Fernanders alleges that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. To prevail on this claim, Fernanders must establish both elements of the *Strickland* test: (1) that

counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (Ind. 1984); *Passwater v. State*, 989 N.E.2d 766, 770 (Ind. 2013). As to the first element, Fernanders points out that trial counsel failed to timely disclose two witnesses. Assuming *arguendo* that counsel's performance was deficient, Fernanders must nevertheless demonstrate resulting prejudice, which requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

[14] Because of counsel's untimely disclosure, Fernanders could not question two of his children about disciplinary matters. Notably, however, Fernanders already had the opportunity to question two of his children: A.F. and R.F. Moreover, Fernanders testified about his approach to discipline as did his girlfriend, who was in the residence when Fernanders spanked A.F. It appears, then, that Fernanders is alleging prejudice from the inability to present merely cumulative testimony. Yet, this sort of prejudice "has not been shown to be great enough, standing alone, to satisfy the second prong of the *Strickland* test." *Smith v. State*, 547 N.E.2d 817, 819 (Ind. 1989) (involving the exclusion of testimony that appeared to be "merely cumulative to that of the five alibi witnesses who did testify at trial"). Furthermore, as there is no indication that the potential witnesses were present when Fernanders spanked A.F., the testimony would have had little bearing on the key question before the jury—which is not

whether Fernanders was *usually* a reasonable disciplinarian, but instead whether his discipline was reasonable on this occasion. We ultimately conclude that Fernanders has failed to demonstrate a reasonable probability that, had he been able to present the testimony, the result of the trial would have been different.

[15] Affirmed.

Baker, J., and Bradford, J., concur.